FIDELITY & CASUALTY CO. OF NEW YORK v. HOUSE. (No. 1691.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 15, 1916. Rehearing Denied Jan. 11, 1917.)

1. MASTER AND SERVANT ⬩394—WORKMEN'S COMPENSATION ACT—ACTION—PARTIES.

Suit for compensation by injured employé is expressly authorized by Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246i and 5246yyy, against the company which insures the employer's liability.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬩394.]

2. MASTER AND SERVANT ⬩416—WORKMEN'S COMPENSATION ACT — DETERMINATION BY THE INDUSTRIAL ACCIDENT BOARD — CONCLUSIVENESS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5246q, providing that all questions arising under the Workmen's Compensation Act, if not settled, shall, except as otherwise herein provided, be determined by the industrial accident board, but that any interested party who is not willing and does not consent to abide by the final ruling and decision of said board may sue on the claim in a competent court, and the board shall proceed no further towards the adjustment of the claim, such board having with the consent of the injured employé decided the claim, its decision is final; and he cannot sue thereon in court.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬩416.]

Appeal from Harrison County Court; Geo. L. Huffman, Judge.

Action by A. D. House against the Fidelity & Casualty Company of New York. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

This suit is by appellee to recover of appellant weekly indemnity for 14 weeks from May 20, 1915, alleged to be due him as compensation provided by the act relating to employés' compensation for injuries sustained in the course of employment. The appellee was, as alleged, in the employment of Marshall Electric Company, and received an injury in his work which resulted in total disability to perform physical labor. The appellant company, as alleged, issued its policy of insurance in writing to the Marshall Electric Company, and by the terms of said policy it agreed to pay the compensation provided to be paid to the injured employés of

the company under and by virtue of the provisions of the act of the Thirty-Third Legislature of Texas authorizing the organization of the Texas Employers' Insurance Association. It is alleged that appellant did in fact pay to plaintiff a sum of $9 per week, beginning on November 20, 1913, and continuing up to and including May 20, 1915, but refused to make further payment. Appellant answered by demurrer and general denial, and a special plea in substance that the plaintiff had invoked the ruling and judgment of the Industrial Accident Board of Texas upon the merits of claim against the defendant; and that said board had adjudicated same, and the adjudication and judgment were pleaded as a bar. The plaintiff demurred to the defendant's special plea, and the demurrer was sustained by the court. The court overruled the defendant's demurrer to plaintiff's petition. There was a trial before the court without a jury, and judgment was rendered in favor of plaintiff for the amount sued for. In view of the disposition of the case, it is unnecessary to set out the evidence. The record fails to show, it may be stated, the average weekly earnings of the plaintiff with his employer at the time of the accident.

Marshall Thomas, of Dallas, for appellant. S. P. Jones and T. P. Harte, both of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1] The first assigned error complains of the action of the court in overruling the demurrer to the petition. It is believed that the assignment of error should be overruled. The law provides that the employé of a subscribing employer shall have no right of action for damages for personal injuries against such subscribing employer, but shall look for compensation solely to the Texas Employers' Insurance Association. Article 5246i, Vernon's Sayles' Stat. And "association," as defined in article 5246yyy, "shall mean the 'Texas Employés' (Employers') Insurance Association' or any other insurance company authorized under this act to secure the payment of compensation to injured employés or to the beneficiaries of deceased employés." The law therefore expressly authorizes the suit by the employé against the insurance company, as here. And the terms of the particular policy, as alleged, may not be so construed, it is thought, as to not authorize suit thereon by and in the name of the injured employé of the Marshall Electric Company. Further, that the petition does not affirmatively allege that notice was given of the injury as required by article 5246-ppp would not, it is thought, make the petition subject to a demurrer; for, assuming, and not deciding, that it was incumbent upon appellee to allege notice, because made by the terms of the act a part of his right of action, the petition alleges such facts as imply a waiver by appellant of such notice.

[2] By the second assignment of error, the appellant contends that the court erred in sustaining the demurrer to its plea, in bar of further recovery by appellee, setting up an alleged final adjudication and judgment upon the claim by the Industrial Accident Board of the state. The pleading avers that appellee invoked the ruling and judgment of the board upon the claim, and that the board heard the evidence and made final ruling and adjudication of the claim. The language, though indefinite is broad enough, it is thought, to fairly show that appellee was willing and consented to have the board exercise the statutory power given them respecting such claims. Therefore the averment may not be regarded as so far failing in sufficiency, as a technical pleading, as to be the subject of a demurrer in that respect. The question of the sufficiency of the pleading as such aside, then the further question remains of whether or not the adjudication by the board, as pleaded, is under the statute res adjudicata between the parties disputant. The trial court, it seems to appear, sustained the demurrer upon the ground, in part, that article 5246q of the statute authorized either party interested in the claim to appeal or sue in the courts upon the claim, notwithstanding the parties interested in the claim may have consented that the board finally determine the claim, if dissatisfied with or unwilling thereafter to abide the final decision of the board upon the claim. This ruling of the court involves a construction of article 5246q, which provides:

"All questions arising under this act, if not settled by agreement of the parties interested therein, shall, except as otherwise herein provided, be determined by the industrial accident board. Any interested party who is not willing, and does not consent to abide by the final ruling and decision of said board on any disputed claim may sue on such claim or may require suit to be brought thereon in some court of competent jurisdiction, and the board shall proceed no further toward the adjustment of such claim; provided, however, that whenever any * * * suit is brought, the rights and liabilities of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employé, or persons suing on account of the death of such employé, shall be against the association, if the employer of such injured or deceased employé is at the time of such injury or death a subscriber, as defined in this act, in which case the recovery shall not exceed the maximum compensation allowed under the provisions of this act, and the court shall determine the issues in such cause instead of said board."

The language of the article manifests the intention, it is believed, to make the power of the board to finally decide and adjudicate the claim of an injured employé dependent upon the joint consent of the parties interested in the claim. It is not, as plainly appears, intended to make it compulsory upon the parties, without their consent, to have submission of the disputed claim to the board for "the final ruling and decision of said board on any disputed claim" as a substitute for the remedy by judicial proceedings; for

the article provides that a party interested in the claim, "who is not willing" and who "does not consent" to abide by "the final ruling and decision of said board" in respect to such claim, "may sue on such claim" in the regular courts. Consequently, if the parties disputant are "not willing" and "do not consent" to have the board make the final determination and adjudication of the claim, then, as expressly provided by the article, "the court" shall "instead of said board" make the determination of "the issues in such cause." But, on the other hand, when the parties interested in the claim are "willing" and do "consent to abide by the final ruling and decision of said board," then there is implied, and such would be the meaning of the provision, that the "said board" shall instead of "the court" make "the final ruling and decision" of the issues respecting the claim. "The final ruling and decision of said board" that either of the parties interested in the disputed claim may be unwilling and object "to abide by" is made clear by reference to the duties enjoined upon the board. By the terms of article 5246qqq, every employer is required to keep a record of all injuries received by his employés in the course of their employment, and to make written report thereof, within eight days after the occurrence of the injury, to the Industrial Accident Board, stating, among other things, the nature and cause of the injury "and such other information as the board may require." The making and filing of this compulsory report with the board is contemplated by the act to be the commencement of the summary proceedings, authorized by the act, for compensation for the injury happening to the employé in the course of his employment; and by the receiving and filing of the compulsory report of the injury the jurisdiction of the board attaches, and the board is required to proceed to its adjustment. But providing, as article 5246q does, that the board "shall except as otherwise herein provided" determine all questions arising, and further saying that "the board shall proceed no further toward the adjustment of such claim" upon objection of either party "to abide by the final ruling and decision of said board," would manifest the intention to deprive the board of the power and jurisdiction, after receiving and filing the compulsory report, to proceed any further "toward the adjustment of such claim" upon the objection of either party interested. Thus, depriving the board of the power to proceed any further "toward the adjustment of such claim" after the filing of the compulsory report of the injury, upon objection of either interested party to abide the final decision of the board, would clearly go to show that the right to "sue on such claim" in the courts was intended to be made dependent upon the want of consent or objection of either party to the board's further acting and making "final ruling and decision"

being made or entered before the board in the first instance, before the final ruling and decision is made. So the article manifests the intention, it is believed, and should be construed as providing, that, where there is joint consent of the parties interested in the claim that the board may make the final ruling and decision upon the disputed claim, the board can exercise its power to make the final decision and ruling upon the claim, and, in that event, that then such ruling and decision of the board upon the claim is "final" and an adjudication of a tribunal of last resort for that controversy, and is in legal effect thenceforth res adjudicata between the parties disputant.

In the case of Middleton v. Texas Power & Light Co., 185 S. W. 556, the following language is used:

"The act authorizes appeals from the decisions of the board to the courts, where a jury trial of the matters in dispute, under the law as embodied in the act, may be had."

It is believed that the learned Chief Justice intended by the language to refer to the parties who did not in the first instance agree to abide the final ruling and adjudication of the board, and did not intend nor mean to hold that such parties as do consent in the first instance to abide the final ruling of the board are not bound thereafter by the adjudication of the board. The trial court erred, it is believed, in sustaining the demurrer.

The assignment of error No. 5 complains of the proof respecting weekly earnings of the plaintiff. It is believed the assignment should be sustained.

It is unnecessary to pass upon the other assignments, and no ruling will be made thereon.

The judgment is reversed, and the cause remanded.