ROACH v. TEXAS EMPLOYERS' INS. ASS'N et al. (No. 1771.)

(Court of Civil Appeals of Texas. Texarkana. March 23, 1917. Rehearing Denied April 26, 1917.)

1. PLEADING ⊜⇒214(1) — DEMURRER — ADMISSION.

Demurrer to the petition admits the facts alleged, and the Court of Civil Appeals must assume they are true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525, 529.]

2. MASTER AND SERVANT ⊜⇒416—WORKMEN'S COMPENSATION ACT—AWARD OF INDUSTRIAL ACCIDENT BOARD—FINAL CHARACTER—STATUTE.

Under Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246q), the parties interested in a claim may go or appeal to the courts for determination of the claim, or may, under the act, have the Industrial Accident Board make a final ruling and decision upon adjustment of the claim, when the parties

consent for the board to proceed under the act, and finally determine the claim for compensation, and do not withdraw consent before there has been final ruling and decision by the board on the claim, then the decision of the board is final by the terms of the act, the statute requiring any party interested in the claim to exercise his option to resort or appeal to the courts before the board makes final decision upon adjustment of the claim, so that a decision or award of the board, made on consent of all parties, was final, and constituted the only remedy for the father of the deceased servant.

3. MASTER AND SERVANT ⬤⟁385(20) — WORKMEN'S COMPENSATION ACT—SUIT ON AWARD —RECOVERY.

In suit on an award of compensation under the Workmen's Compensation Act by the Industrial Accident Board, plaintiff must recover on the award according to its terms allowing weekly sums, and not in a lump sum.

4. MASTER AND SERVANT ⬤⟁396—SUIT TO ENFORCE AWARD OF INDUSTRIAL ACCIDENT BOARD—JURISDICTION.

In suit in the district court to enforce an award, under the Workmen's Compensation Act, of the Industrial Accident Board, the court has jurisdiction if sufficient weekly installments are due at the time of suit to amount to the court's jurisdictional amount.

5. MASTER AND SERVANT ⬤⟁411—WORKMEN'S COMPENSATION ACT — ENFORCEMENT OF AWARD—REMEDY.

In suit to enforce an award of compensation under the Workmen's Compensation Act by the Industrial Accident Board, the remedy for enforcement of the award, if proven, is not by mandamus or mandatory injunction, but by execution.

6. MASTER AND SERVANT ⬤⟁416—WORKMEN'S COMPENSATION ACT—AWARD—FINALITY.

Where, with consent of all parties, the Industrial Accident Board awarded compensation under the Workmen's Compensation Act against the Employers' Insurance Association, claimant had no cause of action against the employer; the award being final.

Appeal from District Court, Hopkins County; Wm. Pierson, Judge.

Action by T. W. Roach against the Texas Employers' Insurance Association and the Gulf Pipe Line Company. From a judgment for defendants, plaintiff appeals. Judgment, except as to the Gulf Pipe Line Company, reversed, and cause remanded for new trial, but affirmed as to Pipe Line Company.

The minor son of appellant was in the employ of the Gulf Pipe Line Company, and in the course of his work received an injury which appellant claims ultimately caused his death; and the appellant filed a claim for compensation for the death of his son with the Industrial Accident Board against the Texas Employers' Insurance Association as the insurer of the Gulf Pipe Line Company, a subscriber under the Employers' Liability Act. On March 23, 1916, the Industrial Accident Board made its findings of fact and decision in favor of appellant. Appellant brings the present suit, based on the decision of the Industrial Accident Board, to have the court enter a decree thereon and to enforce the payment of the decree upon the ground that the said insurance association has failed and refuses to pay the compensation, or any part of it, as provided in the decision of the said Industrial Accident Board, under the provisions of the Employers' Liability Act. The plaintiff alleged that, after his claim was filed with the Industrial Board and notice thereof was given the insurance association, the said insurance association consented to submit all matters in dispute to the said Industrial Accident Board for final decision, and presented, as did the plaintiff, full evidence on the merits of the claim to the said board; and that thereupon the said board made final ruling and decision upon and adjustment of the claim. The petition pleaded in the alternative, in the event the court should hold that the decision of the said board may not be sued on and enforced, that, as an original cause of action and upon the facts specially set forth, the plaintiff have judgment against the said insurance company for the compensation provided by the act. The petition also contained a third count, as an alternative remedy, seeking, under common-law liability, to recover a judgment for damages against the Gulf Pipe Line Company. The Gulf Pipe Line Company presented a general demurrer and certain special demurrers to the petition as it relates to it, all of which were sustained by the court, and judgment was entered thereon for said defendant. And the insurance association presented, and the court sustained, a general demurrer and certain special demurrers to the petition as it relates to the proceedings and decision of the Industrial Accident Board set out in the first count. The case was tried before a jury on the second alternative count in the petition seeking to establish a recovery against the insurance association for the compensation allowed by the terms of the compensation act. The jury on special issues found that the deceased was injured while in the employ of the Gulf Pipe Line Company, but that his death was not due to injuries so received; and on the verdict the court entered judgment for the defendant insurance association.

R. D. Allen, of Sulphur Springs, for appellant. Harry P. Lawther, of Dallas, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] The appellant predicates error upon the ruling of the court in sustaining the demurrer to his first count in the petition seeking to have a decree entered and enforced by execution upon the decision or award as such of the Industrial Accident Board on the claim made under the liability act. According to the alleged facts, which we must assume as true, the plaintiff and the insurance association each consented for the said Industrial Accident Board to finally determine the claim for compensation, and neither

of them withdrew consent to proceeding under the said act before there had been final decision by the board upon the claim made under the act. These facts, if proven, would seem to establish that the parties at interest exercised their option and agreed to a proceeding under the act, and that the claim made under the act had ripened into an award of compensation assessed by the act. In view of these alleged facts, there was error it is believed, in sustaining the demurrer. Article 5246q, Vernon's Sayles' Statutes, provides:

"All questions arising under this act, if not settled by agreement of the parties interested therein, shall, except as otherwise herein provided, be determined by the Industrial Accident Board. Any interested party who is not willing, and does not consent to abide by the final ruling and decision of said board on any disputed claim may sue on such claims or may require suit to be brought thereon in some competent court of competent jurisdiction, and the board shall proceed no further toward the adjustment of such claim; provided, however, that whenever any such suit is brought, the rights and liabilities of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employé, or person suing on account of the death of such employé, shall be against the association, if the employer of such injured or deceased employé is at the time of such injury or death a subscriber, as defined in this act, in which case the recovery shall not exceed the maximum compensation allowed under the provisions of this act, and the court shall determine the issues in such cause instead of said board."

And in the case of Fidelity & Casualty Co. v. House, .191 S. W. 155, we construed the above article, and still adhere to the interpretation of the article as there given. We there construed the article as providing by its terms that the parties at interest in the claim made under the act have the option to go or appeal to the courts for determination of the claim under the act, or may consent and take proceedings under the act and have the Industrial Accident Board make a final ruling and decision upon and adjustment of the claim under the act. When the parties at interest in the claim made under the act consent for the Industrial Accident Board to take proceedings under the act and finally determine the claim for compensation under the act, and do not withdraw consent before there has been final ruling and decision by the said board upon such claim, then, in virtue of the exercise by the parties of their option, the decision of said board upon the said claim is, by the terms of the act, final. According to the language of the article "the board shall proceed no further toward the adjustment of such claim" when any interested party in the claim "is not willing, and does not consent to abide by the final ruling and decision of said· board on any disputed claim." The "adjustment of such claim" that the board under the act may make consists merely in findings of fact. The compensation is fixed by the terms of the act. And such language would indicate the intention to require any interested party in the claim to exercise his option to resort or appeal to the courts before the board makes final decision upon and adjustment of the claim made under that act. Therefore, in this construction of the terms of the act, the decision or award sued on and as pleaded, if proven, would be final between the parties and constitute the only remedy for appellant in this suit.

[3, 4] It is concluded, though, that appellant would have to recover on the award according to its terms, and not in a "lump sum." And as appellant may recover on the decision or award only such weekly sums as may be due, it is suggested that the question of jurisdiction of the district court is involved as to the amount in controversy. Jones et al. v. Dodd, 192 S. W. 1134. This question may not later arise if by the time of the next trial of this cause sufficient weekly amounts may be due as to give the district court jurisdiction and the petition is amended so as to include such amounts as are due.

[5] The remedy for enforcement of the award, if proven, is, it is suggested, not by mandamus or mandatory injunction, but by execution.

[6] The court did not err in sustaining the demurrer as to the alleged cause of action against the pipe line company.

The judgment of the district court, except as to the Gulf Pipe Line Company, is reversed, and the cause remanded for another trial. The judgment as to the Gulf Pipe Line Company is affirmed. The costs of appeal are taxed against the appellee Texas Employers' Insurance Association except as to such costs as were incurred in the appeal by the Gulf Pipe Line Company, which will be taxed against the appellant.