SOUTHERN SURETY CO. et al. v. NELSON et al.    (No. 7862.)

(Court of Civil Appeals of Texas. Galveston. April 22, 1920. Rehearing Denied May 20, 1920.)

1. Master and servant ⊂⊃396—Jurisdiction of district court not dependent on formal notice to Accident Board that compensation claimant will not abide its decision.

Under Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246q), where beneficiaries of deceased servant filed claim with Industrial Accident Board before they filed suit against insurers, thus evidencing consent to adjudication by board, but no notice was issued by board to insurers to answer claim, and no action was taken by board in adjudicating it, it cannot be held jurisdiction of district court to adjudicate matter could not attach until formal notice had been given board by beneficiaries that they would not abide its decision; act not requiring such notice.

2. Master and servant ⊂⊃391½, New, vol. 7A Key-No. Series—Compensation insurance subject to statutory penalty for default in payment.

The fact that policies of accident insurance were issued under the Workmen's Compensation Act does not affect application of Vernon's Sayles' Ann. Civ. St. 1914, art. 4746, providing 12 per cent. damages for failure to pay promptly.

3. Master and servant ⊂⊃372—Drowning by capsizing of dredge during storm not act of God precluding recovery of compensation.

Where an employé was accidentally drowned while on a dredge on account of a violent storm, recovery on the employer's insurance policies could not be defeated under the Workmen's Compensation Act on the ground the accident was an act of God.

Appeal from District Court, Galveston County; H. C. Hughes, Judge.

Suit by Thomas P. Nelson and others against the Southern Surety Company and others. From judgment for plaintiffs, defendants appeal. Reformed and affirmed.

J. A. Germany, of Dallas, Frank S. Anderson, of Galveston, and T. H. McGregor, of Houston, for appellants.

Maco & Minor Stewart, A. J. De Lange, Jules Damian, and W. N. Zinn, all of Galveston, for appellees.

PLEASANTS, C. J. Appellees, as the surviving beneficiaries of Adolph Nelson, deceased, brought this suit to recover compensation alleged to be due them upon policies of insurance issued by appellants under the provisions of the Workman's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246h et seq.). The deceased, Nelson, was employed by the Standard American Dredging Company, and was drowned while

in the performance of the duties of his employment in the Texas City channel on the 16th or 17th day of August, 1915, by capsizing of the dredgeboat.

The defendants answered by general demurrer and general denial, and by special exception and plea, in which they set up:

"That the Industrial Accident Board of the state of Texas had original and exclusive jurisdiction to determine all questions arising under the Employers' Liability Act in respect to the alleged claim sued upon in this cause; that the jurisdiction of said Industrial Accident Board attached to the alleged claim growing out of the alleged death of the said Adolph Nelson, and that no notice was ever filed with, or served upon said board, by any or either of the plaintiffs, or by said defendants, of unwillingness to abide the final ruling and decisions of said board in respect to the question arising under said act in relation to the death of said Adolph Nelson, and no objection was made, served, or filed with said board in respect thereto, whereby said board has never been ousted of its jurisdiction, and still retains jurisdiction to hear and determine any and all disputed questions arising under said act in respect to the death of said Adolph Nelson; that the questions arising in respect to the alleged claim of the plaintiffs herein have not been settled by an agreement of the parties interested, and that by reason of all of the foregoing the plaintiffs are not entitled to have or maintain this suit."

Plaintiffs, by supplemental petition, denied all the allegations of the defendants' amended answer. The case was tried before a jury, to whom it was submitted upon special issues. Upon return of the verdict judgment for plaintiffs was entered on February 27, 1919, for the sum of $1,981.70.

Appellants' first complaint against the judgment is that the court erred in not sustaining their plea to the jurisdiction on the ground that no notice of unwillingness on the part of appellees to abide by the final ruling and decision of the Industrial Accident Board in the matter of compensation due them by appellants having been filed with or presented to said board, the exclusive original jurisdiction of the board to determine the issues raised by this suit remains with said board, and therefore appellees cannot maintain this suit. The controlling provisions of the statute (article 5246q) are as follows:

"All questions arising under this act, if not settled by agreement of the parties interested therein, shall, except as otherwise herein provided, be determined by the Industrial Accident Board. Any interested party who is not willing, and does not consent to abide by the final ruling and decision of said board on any disputed claim may sue on such claim or may require suit to be brought thereon in some court of competent jurisdiction, and the board shall proceed no further toward the adjustment of such claim: Provided, however, that whenever any such suit is brought, the rights and liabilities of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employé, or person suing on account of the death of such employé shall be against the association, if the employer of such injured or deceased employé is at the time of such injury or death a subscriber, as defined in this act, in which case the recovery shall not exceed the maximum compensation allowed under the provisions of this act, and the court shall determine the issues in such cause instead of said board."

This statute does not by its terms provide that the interested party who is not willing and does not consent to abide by the ruling and decision of the board must so notify the board before such party can bring suit on his claim, and there is no rule of construction under which such provision can be implied. The right to sue if the interested party is not willing and does not consent to abide by the decision of the board is conferred in express words and is not conditional upon any formal notice to the board. There could be no clearer indication of unwillingness and want of consent of an interested party to abide by the decision of the board than the filing of a suit to enforce his claim, and upon the filing of such suit before any action has been taken by the board in the adjudication of the claim the jurisdiction of the board to adjudicate the matter ceases.

It is, we think, manifest from the language of the statute quoted that the jurisdiction of the board depends entirely upon the consent of the interested parties. Such consent is evidenced by the subscriber and the insurance company by the application for and issuance of the insurance policy, and by the injured party or his beneficiaries by presenting the claim to the board for adjudication and thus invoking its jurisdiction.

[1] The filing by the appellees of their claim with the board before they filed this suit evidenced their consent to an adjudication by the board of their claims; but no notice was ever issued by the board by the appellants to answer the appellees' claim, and no action taken by the board in the adjudication of the claim. In these circumstances it cannot be held that the jurisdiction of the district court to adjudicate the matter could not attach until formal notice had been given the board by appellees that they would not abide by its decision. The statute does not, as before shown, in terms require such notice, and the constitutional jurisdiction of our courts should not be limited or ousted by implication, nor should the right of the citizen to sue in the courts provided by the constitution to hear and determine his complaints be restricted or burdened by conditions precedent, unless by the express terms or necessary implication from the language of the statute. If an adjudication had been had by the board before this suit was filed, without any objection on the part of appellees, or any notice to the board that they

would not abide by its decision, it may be that such decision would have been final, and appellees could not thereafter have resorted to the courts for an adjudication of their claims. This was the holding by the Court of Civil Appeals for the Sixth District in the cases of Insurance Co. v. House, 191 S. W. 155, and Roach v. Texas Employers' Association, 195 S. W. 328, and by the Court of Civil Appeals for the Fifth District in the case of Insurance Co. v. Curtis, 200 S. W. 1162. The Supreme Court has granted a writ of error in the Roach Case, and until a decision of the question by that court the holding in the cases cited cannot be regarded as determining the question.

The holding in the cases cited is not in conflict with our conclusion that the filing of a claim with the board without any action thereon by the board would not deprive the courts of jurisdiction to hear and determine a suit brought on the claim without notice to the board that the claimant would not abide its decision.

[2] It is further urged that the judgment should be reversed because the death of Adolph Nelson was caused by an act of God, and therefore appellants are not liable to his beneficiaries upon the policies sued on in this case, which were issued under the provisions of the Workmen's Compensation Act. This question was decided adversely to appellant in the case of Surety Co. v. Stubbs, 199 S. W. 343, a case in which the deceased, compensation for whose loss the suit was brought, was drowned by the capsizing of the same boat at the same time the deceased in this case lost his life. We adhere to the conclusions expressed in the Stubbs Case and cannot sustain appellants' contention.

[3] By cross-assignments appellees complain of the judgment in that it does not award them the 12 per cent. provided by the statute as a penalty for the failure of appellants to pay the sum due under the policy after demand, as provided by the statute. The record shows that demand was made upon appellants for payment of the amount due appellees under the policies sued on more than 30 days before this suit was filed and appellants failed to make any payment on such demand. Appellants are accident insurance companies and the policies sued on are accident insurance policies. The fact that such policies were issued under the Workmen's Compensation Act does not, we think, affect the application of the statute (article 4746, Vernon's Sayles' Civil Statutes), which provides:

"*Losses Shall be Paid Promptly.*—In all cases where a loss occurs, and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent. damages on the amount of such loss together with reasonable attorney fees for the prosecuttion and collection of such loss."

We think the cross-assignment should be sustained, and the judgment of the trial court reformed, so as to award appellees 12 per cent. damages on the compensation adjudged to be due them by appellants, and, as so reformed, the judgment should be affirmed.

Reformed and affirmed.