**TEXAS EMPLOYERS' INS. ASS'N v.
ROACH et ux. (No. 142–3073.)**

(Commission of Appeals of Texas, Section A.
May 26, 1920.)

Master and servant ⬥⚊416—Right to sue on
claim under Compensation Act does not de-
pend on notice of intent not to abide by
award.

Under Workmen's Compensation Act (Ver-
non's Sayles' Ann. Civ. St. 1914, art. 5246q),
right to sue, or to require suit to be brought on
a claim for compensation, is not dependent on
a party, before final determination by the In-
dustrial Accident Board, giving notice that he
does not consent to abide thereby; but the
board's decision is not conclusive, though the
parties agree to submit the matters pertaining
to the injury to it, and the right to sue or re-
quire suit is by way of appeal.

Error to Court of Civil Appeals of Sixth
Supreme Judicial District.

Action by T. W. Roach and wife against
the Texas Employers' Insurance Association
and another. Judgment for defendants was
reversed as to the named defendant, by the
Court of Civil Appeals (195 S. W. 328), and
said defendant brings error. Reversed and
remanded.

Lawther, Pope & Mays, of Dallas, for
plaintiff in error.

R. D. Allen, of Sulphur Springs, for de-
fendants in error.

TAYLOR, J. T. W. Roach and wife, de-
fendants in error, filed this suit against the
Texas Employers' Insurance Association,
plaintiff in error, for compensation under the
Employers' Liability Act of 1913 (Laws 1913,
c. 179 [Vernon's Sayles' Ann. Civ. St. 1914,
arts. 5246h–5246zzzz]), claimed to have
accrued to them by reason of the death of
their minor son. The son's death was al-
leged to have resulted from injuries received
while in the course of his employment as an
employé of the Gulf Pipe Line Company, a
subscriber to the insurance association.

Prior to filing suit, defendants in error
filed their claim for compensation with the
Industrial Accident Board as provided by
the Liability Act. Plaintiff in error and the
Gulf Pipe Line Company, outside of and in-
dependent of the act, agreed with defendants
in error to submit all matters pertaining to
the injuries of the deceased to the Industrial
Accident Board. Upon a hearing before the
board, and by its final ruling and decision,
defendants in error, as beneficiaries of their
son, secured an award of $5 per week for a
period of 360 weeks, against plaintiff in error.

The main object of this suit (so stated to
be by defendants in error) was the enforce-
ment of the award by "mandamus, manda-
tory injunction, or weekly executions, as

the court might determine"; the allegation
relied upon as warranting its enforcement
being that the award is res judicata between
defendants in error and the insurance asso-
ciation.

Defendants in error pleaded in the alter-
native that, if it should be held that they
were not entitled to the enforcement of the
award, they should recover judgment against
plaintiff in error on the facts in accordance
with the terms of the Liability Act. Defend-
ants in error joined the Pipe Line Company
as a party defendant, and further pleaded
in the alternative against it for damages un-
der the statutes and common law.

A general demurrer on behalf of the Pipe
Line Company was sustained. Plaintiff in
error's demurrer to the allegations that the
award of the Industrial Accident Board was
res judicata was also sustained. The case
was tried upon that count of the petition,
seeking a recovery of compensation on the
facts under the Liability Act.

The court submitted to the jury only two
issues, to wit: (1) Whether plaintiff in er-
ror's son was injured while in the employ-
ment of the Gulf Pipe Line Company; and
(2) whether the son's death was caused by
injuries so received. The jury found upon
the first issue that the son was injured while
in the employ of the company, but found
upon the second that his death was not due
to the injuries received. Judgment was ren-
dered upon the findings in favor of both the
Pipe Line Company and plaintiff in error.

The Court of Civil Appeals held that the
trial court did not err in sustaining the de-
murrer as to the alleged cause of action
against the Pipe Line Company, and as to it
affirmed the judgment, but further held that
the trial court was in error in sustaining the
demurrer to that count of the petition al-
leging that the award of the Industrial Ac-
cident Board was res judicata between the
insurance association and defendants in
error. 195 S. W. 328.

Writ of error was granted upon applica-
tion of the association referred to the com-
mittee of judges. Two grounds of error are
alleged in the application. The first relates
to the holding of the Court of Civil Appeals
on the question of res judicata, and the sec-
ond to the question of whether the trial
court had jurisdiction to try the case.

The case turns upon the construction of
section 5, pt. 2, of the Employers' Liability
Act, incorporated into Vernon's Sayles'
Civil Statutes as article 5246q, which is as
follows:

"All questions arising under this act, if not
settled by agreement of the parties interested
therein, shall, except as otherwise herein pro-
vided, be determined by the Industrial Acci-
dent Board. Any interested party who is not
willing, and does not consent to abide by the
final ruling and decision of said board on any

disputed claim may sue on such claim or may require suit to be brought thereon in some court of competent jurisdiction, and the board shall proceed no further toward the adjustment of such claim; provided, however, that whenever any such suit is brought, the rights and liabilities of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employé, or persons suing on account of the death of such employé, shall be against the association, if the employer of such injured or deceased employé is at the time of such injury or death a subscriber, as defined in this act, in which case the recovery shall not exceed the maximum compensation allowed under the provisions of this act, and the court shall determine the issues in such cause instead of said board."

The Court of Civil Appeals in this case, as well as in Fidelity & Casualty Co. v. House, 191 S. W. 155, construe the article quoted as providing that the parties at interest may have either the courts or the Industrial Accident Board determine the merits of the claim for compensation made under the act, and that when claim is filed, unless one of the interested parties, prior to the final decision of the board, gives notice to the adverse party that he does not consent to abide thereby, he shall not be entitled to sue or require suit to be brought on the claim. In other words, that under the terms of the article quoted, the right to sue or require suit to be brought in the courts upon any disputed claim is not one by way of appeal from the final ruling of the board, but is in the nature of an option, extended to any interested party, either to have the questions arising under the act determined by the board or have them litigated in the courts. This holding is followed in Southwestern Sur. Ins. Co. v. Curtis et al., 200 S. W. 1162, and in Gen. Acc. Fire & Life Assur. Corp. v. Evans, 201 S. W. 705.

The Court of Civil Appeals in this case say:

"When the parties at interest in the claim made under the act consent for the Industrial Accident Board to take proceedings under the act and finally determine the claim for compensation under the act, and do not withdraw consent before there has been final ruling and decision by the said board upon such claim, then in virtue of the exercise by the parties of their option, the decision of said board upon the said claim is, by the terms of the act, final."

We cannot concur in this conclusion of the court. By the provisions of the Employers' Liability Act, every employer within its terms is required to keep a record of all injuries received by his employés in the course of their employment, and to make a report thereof to the Industrial Accident Board within eight days after its occurrence. Vernon's Sayles' Civ. Stats., art. 5246qqq. The board is authorized to make rules for carrying out and enforcing the provisions of the act, and authority is conferred upon the

board to require injured claimants to submit themselves before it, or some one acting under its authority, for examination. Summary process and procedure is authorized; and the board is given power to subpœna witnesses, administer oaths, and to perform those acts necessary to a determination of all questions preliminary to the making of final rulings and decisions on disputed claims. Thus an administrative agency is created for carrying out the provisions of the act. Id. 5246pp. The decision of the agency, or board, is not conclusive, nor does the fact that the parties agree to submit the matters pertaining to the injuries of the claimant to the board estop them from resorting to the courts. Under the express provisions of the article quoted, if the claimant "is not willing and does not consent to abide by the final ruling and decision of the board," he may sue on the claim; or if the association is not willing to abide by the decision, it may require suit to be brought.

The Court of Civil Appeals, in the House Case, supra, says:

"The right 'to sue on such claim' in the courts was intended to be made dependent upon the want of consent or objection of either party to the board's further acting and making 'final ruling and decision' being made or entered before the board in the first instance, *before the final ruling and decision is made*." (Italics ours.)

There is no express provision in the act to this effect; nor is there in the language of the act any clear implication that the right to sue, or require suit to be brought, is dependent upon the interested party's giving notice prior to the rendering of a final decision of whether he will abide by it. In the absence of both such provision and implication there is no warrant for such limitation with respect to the right of suit.

Whether the right to require suit upon disputed claims was, under the 1913 act, in the nature of an option to be exercised prior to the final decision by the board, or was to be exercised by way of appeal from such decision, is, in our opinion, not an open question. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 559, states in clear and concise terms the purpose, operation, and effect of the act. The following excerpts from the opinion make clear that in the view of the court it is not necessary as a prerequisite to suit under the act, that the interested party shall give notice in limine that he is unwilling to abide by the final decision of the board:

"There is also created by the act and charged with its administration, a board of three members, whose duties are defined. In general, its province is the determination of disputed claims arising under the act. If its decision is not accepted, suit may be brought upon the claim, or be required to be brought, against the associa-

tion if the employer of the injured or deceased employé was a subscriber at the time of his injury or death, in a court of competent jurisdiction, which, however, shall adjudicate the questions of liability and compensation according to the provisions of the act. * * *

"Nor does the act impair the right of trial by jury. Trial by jury cannot be claimed in an inquiry that is nonjudicial in its character, or with respect to proceedings before an administrative board. The Accident Board charged with the administration of the act is, as we have said, not a court. In its determination of disputed claims there could be no right to a jury trial. The act authorizes appeals from the decisions of the board to the courts, where a jury trial of the matters in dispute, under the law as embodied in the act, may be had. * * *"

The view that the act requires notice in limine as a prerequisite to suit is inconsistent with that of the Supreme Court as to its purpose and operation. The right to sue is by way of an appeal, and until final decision is rendered by the board there is nothing from which an appeal can be prosecuted.

Following the decision in the Middleton Case, supra, the Thirty-Fifth Legislature (Vernon's Sayles' Civ. Stats. 1918 Supp. vol. 2, arts. 5264–5244) amended section 5 of the 1913 act above quoted so as to provide that any interested party who does not consent to abide by the final decision of the board shall, within 20 days after the rendition of such decision, give notice to the adverse party and to the board that he will not abide by the ruling, etc., and used the same language in the amendment with respect to the consent of the parties as was used in the amended act.

The trial court was not in error in holding that the award made by the Industrial Accident Board was not res judicata between the parties, and the judgment of the Court of Civil Appeals should, in our opinion, be reversed.

The remaining assignment of error grows out of the suggestion in the opinion of the Court of Civil Appeals that, inasmuch as defendants in error were not entitled to recover the compensation sued for in a "lump sum," the trial court may not have had jurisdiction to try the case. The suggestion was made under the view that defendants in error were entitled to recover on that count of the petition under which they sought to enforce the award of the Industrial Accident Board, and that the amount thereof alleged to be due at the rate of $5 per week was less than $500.

In that count of the petition upon which the case was tried, defendants in error alleged that compensation had accrued for a period of more than 50 weeks at the rate of $15 per week, the total sum alleged to be due being an amount within the court's jurisdiction. It is therefore unnecessary, in view of our holding that the award of the board was not res judicata, to determine the question raised by the second assignment of error.

Defendants in error in their brief filed in the Court of Civil Appeals present as their fifth assignment of error that the findings and verdict of the jury are contrary to the great preponderance of the evidence. Inasmuch as this and other assignments relating to the trial of the case on the facts were not passed upon by the Court of Civil Appeals, we recommend that the cause be remanded to that court for such action as may be deemed proper following its disposition of the assignments referred to.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.