**GEORGIA CASUALTY CO. v. WARD et al.**
**(No. 8965.)**

(Court of Civil Appeals of Texas. Dallas.
Feb. 23, 1924. Rehearing Denied
March 22, 1924.)

1. **Master and servant ⬥349—Adjudication of
compensation claim by Industrial Accident
Board held not condition precedent to suit on
claim accruing before amendment of law.**

Workmen's Compensation Act, as amended
in 1917 (Vernon's Ann. Civ. St. Supp. 1918,
art. 5246—1 et seq.), providing that suit cannot
be filed in district court until adjudication by
the Industrial Accident Board, does not affect
an action accruing before the amendment be-
came effective, and hence, in an action arising
before amendment, it was not necessary to give
notice to the board of claimants' refusal to
abide its decision or first have the board's ad-
judication before suit could be filed in district
court, the proceeding being controlled by the
compensation law as enacted in 1913 (Ver-
non's Sayles' Ann. Civ. St. 1914, art. 5246h et
seq.).

2. **Master and servant ⬥394½, New, vol. 5A
Key-No. Series—Notice and presentation of
compensation claim accruing before amend-
ment of law held not necessary to substitu-
tion on death of claimant.**

Where a cause of action under the Work-
men's Compensation Law (Vernon's Sayles'
Ann. Civ. St. 1914, art. 5246h et seq.) had been
perfected by a husband and father during his
lifetime, and valid suit filed by him, compliance
with the provisions for notice and presentation
of claim of the 1917 amendment (Vernon's
Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.)
was not necessary in order that his widow and
infant child might legally substitute themselves
as plaintiffs and prosecute the suit.

Appeal from District Court, Hunt County;
Newman Phillips, Judge.

Action by Jessie Ward and others against
the Georgia Casualty Company and others.
Judgment for certain of the plaintiffs, and
defendant named appeals. Affirmed.

Frank S. Anderson, of Galveston, and Mc-
Mahon & Dohoney, of Greenville, for ap-
pellant.

B. Q. Evans, of Greenville, and Chas. L.
Black, of Austin, for appellees.

JONES, O. J. Appellant, Georgia Cas-
ualty Company, is a corporation of the state
of Georgia, and duly authorized to transact
business in the state of Texas. In the trans-
action of its usual business it issued to
Farmers' Cotton Oil Company, of Wichita
Falls, Tex., a subscriber under the Work-
men's Compensation Law, its policy of insur-
ance covering injuries to the employees of
said Farmers' Cotton Oil Company, and such
insurance was duly in force on the 2d day
of June, 1916. W. S. Ward, deceased, on
June 2, 1916, was in the employment of the
Farmers' Cotton Oil Company, and as such
employé was covered by appellant's said
policy of insurance. Appellees Mrs. Jessie
Ward Smith and Murrell Ward were, re-
spectively, the wife and child of the said W.
S. Ward. Appellee J. A. Smith is the sec-
ond husband of Mrs. Jessie Ward Smith and
the stepfather and guardian of the child,
Murrell Ward. The child, Murrell Ward, was
the only child of the marriage of the said W.
S. Ward and appellee Mrs. Jessie Ward
Smith.

The following facts form the basis of this
suit: On the 2d day of June, 1916, while per-
forming the duties of his employment, W.
S. Ward was seriously injured by being
struck on the front part of his head by a
heavy blow from a wrench he was using at
the time in his work. The injury received
caused immediate total and permanent dis-
ability, both in body and mind, and this
condition continued until the date of his
death, which occurred on April 15, 1918.
His death was caused by said injury.

The average weekly wage of W. S. Ward
at the time of his injury was the sum of
$15. Notice of the injury as required by
law was given to appellant and to the Indus-
trial Accident Board by the employer of
Ward, the said Farmers' Cotton Oil Com-
pany; said notice being given on the day
of the injury. No claim for compensation
was made within the six months' period re-
quired by law by the said W. S. Ward, and
none made within said time in his behalf.

On March 13, 1918, attorneys, in Ward's
behalf, duly presented a claim for compensa-
tion to appellant and to the Industrial Ac-
cident Board. No sum of money was paid
to appellant on this claim, and his right to
compensation was never adjudicated by the
Industrial Accident Board, nor was formal
notice given said board that he did not in-
tend to abide by its decision.

Suit was instituted in the district court of
Hunt county, Tex., on the 2d day of April,
1918, to recover the compensation alleged to
be due him under the Workmen's Compensa-
tion Act in force at the time of his injury.
Before the trial of this suit, and on the 15th
day of April, 1918, the said W. S. Ward died.
Appellant, as defendant in the court below,
took cognizance of this suit and duly filed
its answer before the death of said Ward.
After Ward's death an amended petition was
filed in which appellee, then Mrs. Jessie
Ward, in her own behalf and for the minor
child, Murrell Ward, and Mrs. A. V. Ward,
substituted themselves as plaintiffs and al-
leged the death of the said W. S. Ward as
a result of said injury, and that Mrs. Jessie
Ward was his surviving wife, that Murrell
Ward was the only surviving child of the
said W. S. Ward, and that Mrs. A. V. Ward
was the mother of the said W. S. Ward, and

that they were the only legal beneficiaries of the said W. S. Ward.

This suit was prosecuted to judgment in favor of the plaintiffs, and, on appeal, was reversed and remanded by the Court of Civil Appeals for the Sixth Supreme Judicial District. Some time previous to the second trial of the case, from which this appeal is perfected, Mrs. Jessie Ward married appellee J. A. Smith. Soon thereafter, and on the 7th day of April, 1921, the said J. A. Smith was duly appointed by a court of competent jurisdiction, guardian of the estate and person of appellee Murrell Ward, then a minor about 5 years of age.

Immediately after the appointment and qualification of the said J. A. Smith as guardian of appellee Murrell Ward, he gave the notices in writing required by the statute to appellant and also to Farmers' Cotton Oil Company, and to the Industrial Accident Board, and made due claim for compensation to the said minor for the death of her said father. Thereafter a second amended petition was filed by appellees Jessie Ward Smith, joined by her said husband, by J. A. Smith, who made himself a party plaintiff, as guardian of the minor Murrell Ward, and by Mrs. A. V. Ward, the mother of deceased. This second amended petition set up all the facts, in the view we take of the case, necessary for a recovery.

The case was tried before the court without a jury, with the result that the court gave judgment in favor of appellees Jessie Ward Smith and Murrell Ward in the sum of $2,853, to be equally divided between them, and against Mrs. A. V. Ward.

Appellant has duly perfected its appeal from this judgment, and has duly assigned and presented the errors that are here discussed.

[1] In the view we take of this case, it is only necessary to determine whether or not the preliminary notices of Ward's death and the presentation of the claim of appellees for compensation on account of such death, as provided for by the Workmen's Compensation Law (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246h et seq.), should have been given under the facts of this case as a necessary condition to the right of appellees to substitute themselves as plaintiffs in the suit filed by Ward during his lifetime. If this be true, then appellee, Mrs. Jessie Ward Smith, should be denied a recovery because the undisputed evidence is that she neither gave the notice required nor presented her claim for compensation. This would not necessarily conclude the minor appellee, on account of the notice and presentation of claim by the guardian. While it is not necessary to decide this question, we are inclined to the opinion that the notice given by its guardian and the claim presented by him would be sufficient in any event to fix its cause of action. Another question would

also be raised as to the status of the amount of compensation in the sum of $918 that accrued in favor of Ward previous to his death. This question we do not decide.

Under the amendment of 1917 to the Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq), no suit could be filed in the district court until the Industrial Accident Board had adjudicated the claim for compensation. This, however, was not true of the Workmen's Compensation Law as it was enacted in 1913, and in force at the time Ward received his injury. Southern Surety Co. v. Nelson, 111 Tex. 140, 229 S. W. 1113; Fidelity & Casualty Co. v. House (Tex. Civ. App.) 191 S. W. 155; Roach v. Employers' Ins. Ass'n (Tex. Civ. App.) 195 S. W. 328.

While the death of Ward occurred after the 1917 amendment to the compensation law, and appellees' rights accrued after this amendment was in force, still, under the very terms of the amendment, the law of 1913 must apply. Section 3b of part 4 of the Workmen's Compensation Act of 1917 contains the following provision with respect to the Workmen's Compensation Act of 1913:

"No inchoate, vested, matured, existing or other rights, remedies, powers, duties or authority, either of any employé or legal beneficiary, or of the board, or of the association, or of any other person shall be in any way affected by any of the amendments herein made to the original law hereby amended, but all such rights, remedies, powers, duties, and authority shall remain and be in force as under the original law just as if the amendments hereby adopted had never been made, and to that end it is hereby declared that said original law is not repealed, but the same is, and shall remain in full force and effect as to all such rights, remedies, powers, duties and authority; and further this act in so far as it adopts the law of which it is an amendment is a continuation thereof, and only in other respects a new enactment."

Appellees were therefore not required to have their claim for compensation adjudicated by the Industrial Accident Board, but could at once file their suit in the district court and prosecute same to judgment.

Section 16, pt. 1, of the act of 1913 provides:

"In all cases of injury resulting in death, where such injury was received in the course of employment, cause of action shall survive."

Under this section whatever right existed in Ward at the time of his death survived and passed to appellees herein, the statutory beneficiaries of his cause of action. Ward's cause of action was purely a statutory one, and could not be maintained except on compliance with all those provisions of the statute requiring notices to be given within a specified time and requiring claim to be presented within a specified time. If these requirements, necessary for the maintenance

of his suit, had been complied with by Ward when the suit was filed, then this cause of action survived and passed to appellees as a cause of action fixed in its status so far as a compliance with all conditions precedent necessary to fixing a valid cause of action.

[2] What was the status of this cause of action at the time of the death of Ward? Section 4a, pt. 2, of the Workmen's Compensation Act of 1913 provides:

"No proceedings for compensation for injury under this act, shall be maintained unless a notice of the injury shall have been given to the association or subscriber, as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employé, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity."

The trial court found as a fact that the notices provided for in the above section of the statute were duly given immediately following Ward's injury. This court also found as a fact that from the time of his injury until the day of his death, Ward was both physically and mentally incapacitated from making the claim for compensation within any time after the occurrence of the injury until his death. The undisputed evidence shows that on March 13, 1918, previous to the filing of the suit, the claim for compensation was duly made and presented to the proper parties before the filing of the suit. Though this claim was not presented within the statutory time of six months after the injury was received, it nevertheless was a sufficient and valid compliance with the statute in that respect, because of the physical and mental incapacity of Ward. When the suit was filed in behalf of Ward on the 2d day of April, 1918, all necessary preliminaries therefor, made as conditions precedent to the right to maintain the suit, had been performed. Before Ward could maintain this statutory action, due and timely notice must have been given in the manner prescribed by this statute. This has been done. Before he could maintain such a suit, due and timely presentation of the claim for compensation must have been presented in the manner prescribed by the statute and under its terms. This also had been done. After the filing of this suit, and previous to Ward's death, appellant had taken cognizance of the suit against it, as it was required to do, and had filed its answer therein. When Ward died, a perfected cause of action on which a proper suit had already been filed, and in which issues had already been joined, survived and passed to appellees. Appellees did not file a new suit, but, by amendment of the existing pleadings, made themselves parties to this suit, as they had the right to do. To hold otherwise would give no force to the survival section of this statute.

If appellant's contention be allowed to the effect that when Ward died the perfected cause of action, so far as compliance with necessary conditions could perfect same, died with him, and must be perfected again by appellees doing the same things Ward had done before any right to prosecute this suit passed to them, then it necessarily follows that Ward's suit abated at his death. To such a contention we cannot agree. It is not the effect of the decision in this case by the Court of Civil Appeals for the Sixth Supreme Judicial District. Georgia Casualty Co.' v. Ward et al., 220 S. W. 380, 221 S. W. 298.

We therefore hold that under the Workmen's Compensation Act of 1913 it was not necessary either to give notice to the Industrial Accident Board of claimants' refusal to abide its decision in a cause of action under said act, or first to have an adjudication of the claimants' right to compensation by said Board, before suit on said cause of action could be filed in the district court, that under the terms of the amending act of 1917 the provisions of the act of 1913 apply to the cause of action asserted by appellees, and that, a cause of action having been perfected by the injured husband and father during his lifetime, and a valid suit having been filed by him, the provision for notice and presentation of claim were not necessary in order that they might legally substitute themselves as parties plaintiff and as such prosecute the suit already filed.

We are of the opinion that this cause should be affirmed.

Affirmed.