## COLLIER v. NEW AMSTERDAM CASUALTY CO.

No. 9908.

Court of Civil Appeals of Texas. Galveston.

Nov. 29, 1933.

Rehearing Denied July 18, 1935.

A. T. Norman, of Houston, for appellant.

Simmons & Arnold, of Houston, for appellee.

GRAVES, Justice.

What is thought to be a correct and fair statement of the nature and result of the suit below is thus copied from the appellee's brief:

"On June 1, 1931, Carvle E. Collier, by next friend, L. Collier, instituted suit in the district court of Harris County, Texas, asking for compensation for four hundred and one weeks for injuries alleged to have been received by him on October 1, 1930, while working for Independent Packing Company or Palace Meat Market. This was more than six months before his claim was filed with the Industrial Accident Board on April 8, 1931. Carvle E. Collier further alleged in said original petition that his suit was to set aside a final ruling of the Industrial Accident Board, made April 30, 1931, which award and decision were based on the claim of Carvle E. Collier against defendant, New Amsterdam Casualty Company, compensation insurer

under the Workmen's Compensation Law of the State of Texas (Vernon's Ann. Civ. St. art. 8306 et seq.), and the Independent Packing Company and/or Palace Meat Market, employer, for and on account of accident injuries sustained on October 1, 1930. The said order of the Board denied Carvle E. Collier compensation.

"To this petition, New Amsterdam Casualty Company filed an answer, composed of a general demurrer, special exceptions, and special denial to the allegations that it was responsible for the injuries to Carvle E. Collier.

"On October 26, 1931, an amended petition was filed in the suit, L. Collier suggesting that Carvle E. Collier was dead, having died on or about the 5th day of July, 1931, and requesting the court to substitute him as the real party plaintiff in said cause. L. Collier did not allege in said amended petition why and in what capacity he should be made the real party plaintiff in said suit. He does allege, however, the injuries to Carvle E. Collier, the claim of Carvle E. Collier before the Industrial Accident Board, the final ruling of the Board denying Carvle E. Collier compensation, the appeal of that claim to the district court, and that Carvle E. Collier's death resulted because Independent Packing Company and/or Palace Meat Market, and New Amsterdam Casualty Company failed to provide Carvle E. Collier with medical attention or treatment (when neither of said parties had notice of such injuries). L. Collier prayed for compensation for three hundred sixty weeks, as well as Twenty-five Hundred Dollars ($2,500.00) exemplary damages.

"On November 18, 1931, the pleadings were again amended by L. Collier, setting up substantially the same facts, but for the first time asking that he recover as beneficiary of the deceased under the Workmen's Compensation Act.

"On January 20, 1932, defendant New Amsterdam Casualty Company, filed its first amended original answer, the two being substantially the same and being almost identical in the first two paragraphs, which contained plea to the court's jurisdiction and plea in abatement, which pleas are duly verified, and as such pleas were sustained, the rest of said answers is immaterial at this time.

"Appellee's plea to the jurisdiction is based on the fact that this suit was orig-inally filed by Carvle E. Collier, for compensation, and for his use and benefit for compensation for injuries alleged to have been received by him, causing total and permanent incapacity; that said suit has now been changed as to parties and subject matter, so that the new plaintiff, L. Collier, is attempting to recover because of the death of Carvle E. Collier without first going before the Industrial Accident Board with his death claim.

"Appellee's plea in abatement is to the effect that L. Collier's suit is prematurely brought, it being necessary that he first go before the Industrial Accident Board and let that body pass on his claim in whatever capacity he makes the claim, and as to whether or not the alleged injuries caused the death of Carvle E. Collier, and duly appeal from the order of that Board, before the district court could have jurisdiction of the cause of action.

"These pleas were sustained by a decree of the district court, entered on the 11th day of April, 1932, the main part of the order reading as follows:

"It is, therefore, adjudged and decreed by the Court that defendant's pleas to the jurisdiction and in abatement be, and the same are hereby sustained to that portion of the second amended original petition of plaintiff, L. Collier, wherein he alleges and seeks to recover, as such legal beneficiary of Carvle E. Collier, compensation for three hundred sixty (360) weeks for the death of Carvle E. Collier, but such Court order is without prejudice to the right of plaintiff, L. Collier, if such right he has, to continue the suit commenced by Carvle E. Collier, and in his right, for injuries to him; to which ruling of the Court plaintiff, L. Collier, in open Court excepted, and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District sitting at Galveston, Texas.

"On April 14, 1932, about nine months after Carvle E. Collier's death, L. Collier filed a third amended original petition, requesting the court to substitute him and his wife, Addie Collier, as plaintiffs in the cause, for the first time making Addie Collier a party, and stating some facts as to why he and his wife were beneficiaries of Carvle E. Collier under the Workmen's Compensation Act. The rest of the allegations set up the claim of Carvle E. Collier, his (Carvle E. Collier's) appeal from the award of the Industrial Acci-

dent Board on his claim for injuries, alleged to have been received by him; however, in this petition the plaintiffs abandon their claim for exemplary damages, and ask for damages for four hundred one (401) weeks.

"On June 15, 1932, defendant there (appellee herein) filed its third amended original answer, specially excepting to such portions of plaintiffs' third amended original petition as were not in accord with the court's order of April 11, 1932, which sustained appellee's plea to the jurisdiction and plea in abatement, to that portion of plaintiffs' suit wherein he attempted to recover, as the real party plaintiff, compensation for Carvle E. Collier's death, without first presenting the death claim to the Industrial Accident Board. We again call the court's attention to the language of the district court in the order:

"But such Court order is without prejudice to the right of plaintiff, L. Collier, if such right he has, to continue the suit commenced by Carvle E. Collier for injuries to him."

The court sustained the exceptions in order dated June 20, 1932, and thereafter, on June 27, 1932, appellee filed its plea to the jurisdiction of the court, on the ground that under the court's rulings, the plaintiffs could recover in their suit, at most, compensation due Carvle E. Collier from the date of his alleged injuries to his death, which was less than $500, and this plea was sustained by the court, and the case dismissed.

The court below never at any time passed upon the question as to whether or not the plaintiffs were entitled to recover compensation alleged to be due Carvle E. Collier for alleged injuries to him from the date of his alleged injuries to his death, but its orders were without prejudice to their rights in this respect, if any they had.

Through able counsel, appellant complains here of the judgment thus adverse to him, urging:

"(1) Legal beneficiary of a deceased employee who instituted action for compensation, after death due to compensible injury, can substitute himself as plaintiff without filing claim and obtaining final ruling and award by Industrial Accident Board;

"(2) Where no payment had been made by insurer previous to an injured employee's death, resulting from compensible injury, appeal from adverse order of the Industrial Accident Board duly perfected by the workman and pending in district court previous to death, employees' legal beneficiaries are entitled to be substituted as plaintiffs in such action and to recover compensation for three hundred sixty (360) weeks;

"(3) Legal beneficiaries of a deceased employee who instituted and perfected action on appeal from Industrial Accident Board ruling previous to death, do not take as heirs of the deceased, but take the entire fund for period of three hundred sixty (360) weeks, less amounts paid deceased workman, if any (citing in support these authorities):

"Sections 8, 8a, 8b, and 16, of article 8306, section 4a, art. 8307, R. C. S., and Workmen's Compensation Law; Traders' & General Ins. Co. v. Baldwin et al. (Tex. Civ. App.) 50 S.W.(2d) 863. Rehearing denied June 8, 1932, and all the authorities therein cited, including Moore v Lumbermen's Reciprocal Ass'n (Tex. Com. App.) 258 S. W. 1051, 1054; Texas Employers' Ins. Ass'n v. Morgan (Tex. Civ. App.) 289 S. W. 75; Id. (Tex. Com. App.) 295 S. W. 588, 589; Federal Surety Co. v. Pitts, 119 Tex. 330, 29 S.W.(2d) 1046; Georgia Cas. Co. v. Ward (Tex. Civ. App.) 259 S. W. 1103, 1105; writ refused; also Id.' (Tex. Civ. App.) 220 S. W. 380; Id. (Tex. Civ. App.) 221 S. W. 298."

Chief dependence seems to be put upon the Ward and Baldwin Cases; but an examination will show that in the former the Dallas Court of Civil Appeals, holding that it was required so to do by the terms of the 1917 Amendment thereof, applied the former Compensation Act of 1913, under which it was not necessary to present any claim to the Industrial Accident Board; while in the latter, by the Beaumont court, a writ of error has been granted by the Supreme Court, 84 S.W. (2d) 439; if there be expressions in the commission's opinion in the Morgan Case favorable to the Beaumont court's holding in that of Baldwin, attention is directed to the fact that the Supreme Court did not approve the opinion, but only entered the judgment recommended.

This court, on the construction of the statutes involved, R. S. art. 8306, 8307, can neither agree with appellant's contentions nor follow this holding he relies upon

in the Baldwin Case, supra, concluding rather that section 16 of article 8306 does not authorize the legal beneficiaries of a deceased employee to substitute themselves under the Workmen's Compensation Law in a suit, and present their claim for compensation on account of the death of the employee in a suit originally filed by the employee himself, while yet alive, in the district court, asking for compensation for injuries alleged to have been sustained by him.

This contrary interpretation of that provision is thus well stated in the insurance company's application for a writ of error in the Baldwin Case, upon which the Supreme Court so acted favorably:

"Unless there was a right of action fixed or vested in the employee prior to his death, this section (section 16, art. 8306) would be meaningless. It has no reference to a cause of action which came into existence at or after his death, but had reference to a cause of action existing in the employee prior to his death, and which, otherwise, would terminate at his death but under this section is made to survive and pass to his legal heirs, as contradistinguished from his legal beneficiaries. The right of the legal beneficiaries came into existence at his death, and only by virtue of the provisions of our statutes, otherwise it would not have existed. The employee's right accrued when the facts existed which gave him the right to demand and collect compensation. The weekly payments which had accrued to an injured employee for total or partial incapacity, or for a specific injury, or which had been inflicted by the wrongful act of a third person, were his property and did not die with him, but survived to his heirs. The legal beneficiaries named in the statutes, unless they should also happen to be an heir, have no right to his compensation in the particular just mentioned. The right of the legal beneficiaries came into existence at his death by force of the statute.

"Applying these sections of our Workmen's Compensation Law to the facts of this case, we reach these deductions. As there had accrued to Baldwin during his lifetime fifty weekly payments for total incapacity, and which had accrued and become due, his right thereto had become fixed and vested, and he had a pending suit for the recovery thereof. His right to recover this compensation for the future weekly payments terminated at his death, but his right to recover for those payments which had accrued prior to his death did not terminate at his death, but survived under the statute to his heirs, and that period should be deducted from the total period for which his legal beneficiaries are allowed to recover after his death. This is just as in the case where he had suffered a specific injury and had survived for awhile and then died. The compensation for the specific injury did not die with him, but survived to his heirs. This is also likened unto the case of legal beneficiaries where the compensation is payable for a definite number of weeks and does not die with the beneficiary, but survives to his heirs. Federal Surety Company v. Pitts, 119 Tex. 330, 29 S.W.(2d) 1046."

In other words, before such substitution can occur, the authority for it must be found in the Compensation Law itself, since not only is it in derogation of the common law in its entirety, but sections 4a and 5 under article 8307 thereof, prescribe in unmistakable language the required procedure that one claiming to be a beneficiary must follow in prosecuting a claim thereunder for compensation on account of the death of an employee; it is unnecessary to quote or epitomize those detailed recitations here, it being sufficient to say that in unequivocal terms they require that such a claim must first be presented to the Industrial Accident Board within six months' time; under what is here considered to have been the sounder construction of these statutes, our courts seem to us to have held that these express specifications are exclusive and jurisdictional; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Federal Surety Co. v. Jetton (Tex. Com. App.) 44 S.W.(2d) 923; Lumbermen's Reciprocal Ass'n v. Wilmoth (Tex. Com. App.) 12 S.W.(2d) 972; Southern Surety Co. v. Arter (Tex. Com. App.) 44 S.W.(2d) 913; Texas Employers' Ass'n v. Nunamaker (Tex. Civ. App.) 267 S. W. 749.

To recapitulate the holding, without further extending the discussion, it is determined that the two claims so successively declared upon herein were distinct and independent to the extent that each had to first be presented to the Accident Board—pursuant to the express requirements of sections 4a and 5, R. S. art. 8307 —as a sort of nisi prius agency rather

than a court, before it could become properly cognizable by the district court, and, it undisputedly appearing from the pleadings of appellants themselves, as well as otherwise, that that had not been done as to their claim as beneficiaries of death benefits, the learned trial court's discriminating decree—so drawn as not to prejudice the foregoing one as heirs of the decedent for injuries to him during life —was correct.

An affirmance has accordingly been entered.

Affirmed.