W. W. CARPENTER v. TRINITY & BRAZOS VALLEY RAILWAY COMPANY.

Decided May 8, 1909.

**1.—Damages—Insulting Language—Construction of Language.**

In an action against a railroad company for damages for mental anguish suffered by plaintiff's wife by reason of alleged insulting language used by defendant's conductor to the wife, held, that the testimony of the wife that the conductor said to her "If I was in your place and conductors smuggled my children over the road and not have me pay for them, I would not give them away; I would not tell it on them," was properly excluded because said language was

not fairly susceptible of the construction that the conductor intended to charge the wife with undue intimacy with the conductors referred to.

**2.—Same—Offensive Language—Intent—Charge—Harmless Error.**

To warrant a recovery against a railroad company for harsh or insulting language used by its conductor to a female passenger, it is not essential that the conductor used the language with evil intent or bad purpose; it is sufficient if the language was in fact used. Hence, a charge in such case which required the jury to believe that the language alleged was "wilfully" used, was improper. But, because the petition alleged that the language complained of was "wilfully and maliciously" used, the use of similar language in the charge was not reversible error.

**3.—Carriers—Free Transportation—Act Construed—Charge.**

The Act of the Thirtieth Legislature (Gen. Laws, 1907, p. 95) prohibiting common carriers in this State from carrying passengers free of charge, provides that a passenger who accepts free transportation at the hands of a conductor shall be guilty only of a misdemeanor; hence a charge in an action against a railroad company for damages for humiliating language used by its conductor to a female passenger, which instructs the jury that the conductor had the right to explain in to the passenger in a courteous manner that she would be guilty of a penitentiary offense in attempting to have her child carried without paying its fare, was calculated to injuriously affect plaintiff's rights and was, therefore, reversible error.

**4.—Charge—Omission of Material Issue.**

When, in an action for damages, plaintiff's cause of action is based upon two counts both of which are supported by evidence, it is reversible error for the trial court to instruct a verdict for the defendant in the event the jury should find against the plaintiff on one count and thus ignore the other ground of recovery.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Poindexter & Paddleford* and *Collins & Cummings,* for appellant.

*Morrow & Smithdeal,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This suit was brought by the appellant against the appellee on the 25th day of September, 1907, for damages alleged to have been sustained by his wife while a passenger on one of appellee's trains. The petition averred that on or about the 20th day of September, 1907, his wife, Isie Carpenter, after first procuring a ticket for herself from Hillsboro, Texas, to Mexia, Texas, boarded appellee's train at Hillsboro, Texas, to go to the latter place, and carried with her her little child, which was about five years old, for whom she had no ticket for the reason that she did not think one was required on account of the age of said child, but that she was ready and willing to pay fare for said child if the same was required, and that she in fact did pay fare for said child after the same was demanded. That shortly after the train left Hillsboro the conductor of the appellee approached the plaintiff's wife and in a harsh, rough, uncouth and violent tone of voice, and in an angry and threatening manner, after taking up plaintiff's wife's ticket, demanded a ticket for said child, and that she thereupon stated to the conductor that she had no ticket for the child because she did not think it would be re-

quired, but that she paid the fare after the conductor insisted upon it, and the said conductor thereupon told her that she had been guilty of a penitentiary offense in getting upon the said train without a ticket for said child, and that after plaintiff's wife told said conductor that other conductors had very recently carried said child without requiring the payment of fare for it, said conductor stated to her that he did not care if it had been carried a thousand times, he would not do it, and that if he were her and had good friends he would not give them away by telling it. Plaintiff alleged that all of the language was spoken by said conductor in a disrespectful, harsh, coarse, insulting and humiliating manner; that his said wife at said time was seven months advanced in pregnancy and was very nervous and delicate, and was a woman of refinement; that the acts, language and conduct of the conductor caused her to suffer great humiliation, shame and disgrace and mental and physical pain, and that as a further result thereof she gave premature birth to a child and suffered increased pain in confinement. The appellee answered by a general denial, and the trial resulted in a verdict and judgment for the appellee, from which this appeal is prosecuted.

It is assigned that the trial court erred in excluding from the consideration of the jury, upon objection made by appellee, the following testimony of plaintiff's wife, Mrs. Carpenter, namely: "The conductor stated to me, if I was in your place and conductors would smuggle my children over the road and not have me pay for them, I would not give them away; I would not tell it on them. Of course that was very embarrassing and, the other passengers hearing it, made me feel like he thought I was very intimate with other conductors." The assignment complaining of the court's action and the treatment of this question by counsel tends to create the impression that the entire testimony quoted was excluded, but upon an inspection of the bill of exceptions we find that counsel for the defendant objected to only that portion of said testimony to the effect that the remarks of the conductor made Mrs. Carpenter feel like the conductor thought she was very intimate with other conductors, and that the exclusion of such portion of the testimony offered was the extent of the court's ruling. The balance of it was permitted to go to the jury. There was no error in the court's action. If it should be conceded that the allegations of the petition, as contended by appellant, were sufficient to authorize the admission of testimony that appellee's conductor had charged plaintiff's wife with undue intimacy with other conductors in the sense evidently sought to be conveyed by the testimony of plaintiff's wife, and to be implied therefrom, yet we are of the opinion that the language claimed to have been addressed to her was not fairly susceptible of that construction and properly excluded.

In the second paragraph of his charge the court grouped the facts upon the existence of which a verdict in favor of the plaintiff was authorized, and told the jury that if Mrs. Carpenter was a passenger on defendant's train, and the conductor in charge thereof approached her and wilfully addressed her in a harsh, rough, uncouth and violent tone of voice, etc., to find for plaintiff. Appellant objects to having his right to recover on account of the conduct of the conductor in

this respect made to depend upon the wilful use of such language. Ordinarily, this objection should be sustained, we think, in a case like this. The word "wilfully" is variously construed. It is defined by Mr. Webster to mean, "in a wilful manner; obstinately. by design; with set purpose." In many of the adjudicated cases it is said that it means not merely voluntarily, but with bad purpose; that it includes the idea of an act intentionally done, with a design to injure another. (Richardson v. State, 5 Texas App., 470-472; Hewitt v. Newburger, 36 N. E., 593; Parker v. Parker, 71 N. W., 421; Birmingham Ry. & Elec. Co. v. Bowers, 110 Ala., 328; Huff v. Chicago, I. & L. Ry. Co., 56 N. E., 282; Miller v. Miller, 47 N. E., 338; Wales v. Mum, 89 Ind., 118-127.) It was not essential to plaintiff's recovery that the evidence show that appellee's conductor used towards plaintiff's wife the language charged with evil intent or bad purpose. If done voluntarily, that was sufficient. But we find that plaintiff's petition charged the acts complained of to have been done wilfully and maliciously, and in view of these allegations we do not think we would be warranted in reversing the case on account of this charge.

Complaint is made of the following paragraph of the court's charge: "In this connection you are instructed that the said conductor had a right in law to demand of the said Mrs. Carpenter the production of a ticket or, in the absence thereof, the payment of fare, and to explain to her that under the law he and she would both be guilty of a penitentiary offense if said child should be permitted to ride without the payment of the fare provided by law, and if he did so in a reasonably courteous and respectful way the defendant would not be liable, even though the said Mrs. Carpenter may have become excited and nervous, as alleged in plaintiff's petition." This charge assumes that if the child accompanying plaintiff's wife had been carried on appellee's train by its conductor on the occasion in question without the payment of the fare prescribed by law, both he and plaintiff's wife would have been guilty of a penitentiary offense under the law of this State. We think this an erroneous view of the law, and that the charge was calculated to injuriously affect appellant's rights.

The charge was of course based upon the Act of the Thirtieth Legislature, approved March 26th, 1907, prohibiting railway companies or other chartered common carriers, etc., or their officers, agent or servants in this State from carrying persons free of charge or giving to or for any person or passenger a free pass or authority to travel or pass free over roads owned or operated by any such company in this State, except such persons as are therein exempted; and prohibiting any such company, its officer, agent or employe from discriminating among persons in rates and service, and prohibiting any person, not excepted, from using or enjoying a free pass or free transportation, etc. We have carefully examined the several provisions of this Act and find none which provides that a person or passenger who boards a railway train with the intention of accepting or does accept transportation at the hands of the conductor without paying therefor the fare prescribed by law, shall be guilty of a felony. Section 3 of the Act does provide that if any person shall present or offer to use in his own behalf any permit or frank whatsoever, to travel, pass or con-

vey any person, which has been issued to any other person, or shall, knowing that he is not entitled under the provisions of the Act, apply for any free pass, frank or privilege or a substitute for pay given, or to be used instead of the regular fare or rate for transportation or for any other consideration except money, shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by confinement in the county jail for not less than thirty days and not more than twelve months, and by a fine of not less than one hundred dollars and not more than one thousand dollars. This seems to be the only provision of the Act applicable to a passenger or person seeking free transportation upon a train. What offense the conductor of a train would be guilty of for carrying a person free of charge it does not become necessary in disposing of this assignment for us to determine, and a decision of that question will be postponed until a necessity arises therefor.

Appellant's fourth assignment of error complains of the court's action in giving to the jury at appellee's request the following instruction: "If you believe from the evidence that Mrs. Carpenter suffered labor pains and had nervous spells after her trip from Hillsboro to Mexia on defendant's train, but further believe from the evidence that she had traveled within a short time before such trip from Hillsboro to Mexia, from Barstow in Ward County to Fort Worth, and from Fort Worth to Rio Vista, and from Rio Vista to Hillsboro, and had made several journeys in the country, and that she suffered from cold and fever, and you are unable to tell whether said labor pains and nervousness suffered by her, if any, were caused by her travels, or her cold and fever, or were caused by any conduct on the part of defendant's conductor, then you can not find for the plaintiff, but must return a verdict for the defendant." The giving of this charge was error, which alone would require a reversal of the case. The grounds upon which plaintiff sought to recover were twofold. He alleged in substance (1) that at the time his wife was addressed and treated in the manner stated in the petition she was pregnant with child, and that by reason thereof the acts, words and conduct of appellee's conductor so excited and agitated her as to cause her to have nervous prostration and to be threatened with a miscarriage from the effect of which she suffered great mental anguish and physical pain; (2) that plaintiff's wife was a woman of culture, delicacy and refinement, and that by reason thereof, and of the presence of other passengers, the harsh, insulting, rough, violent, angry and threatening language and conduct of defendant's conductor, she was greatly humiliated and caused to experience a feeling of shame, humiliation and disgrace. The charge in question wholly ignored the latter phase of the case, in support of which testimony was introduced, and unqualifiedly instructed them that if plaintiff's wife suffered labor pains and had nervous spells after her trip from Hillsboro to Mexia, and that she took the trips enumerated in the special charge, and suffered cold and fever, and they were unable to tell whether said labor pains and nervousness were caused by her travels or her cold and fever or were caused by any conduct on the part of defendant's conductor, to return a verdict for the defendant. In other words, the charge in effect tells the jury that,

unless they should believe that Mrs. Carpenter suffered labor pains and nervousness as a result of the alleged conduct of appellant's conductor, then, without regard to the other issue in the case, to find for defendant. Had the special charge directed the jury that in the event they were unable to tell to which of the causes therein mentioned the said labor pains and nervousness were attributable, to find for defendant on that issue, leaving them free under the other instructions to determine the other issue mentioned as in their judgment the evidence warranted, it probably would have been unobjectionable.

The failure of the court to give the following special charge requested by the plaintiff is assigned as error, viz.: "You are instructed that an individual person is only guilty of an offense when such person presents or offers to use in his own behalf any permit or frank whatsoever to travel which has been issued to another person, and you are instructed that the plaintiff's wife was not guilty of a penitentiary or any other offense, and you are instructed that the conductor of defendant had no right to charge plaintiff's wife with having been guilty of a penitentiary offense." In view of the court's charge to the effect that defendant's conductor had the right to explain to plaintiff's wife that under the law he and she would both be guilty of a penitentiary offense if the child should be permitted to ride without the payment of fare, the giving of which we have held was error, this special charge, perhaps, should have been given. Had not said charge of the court upon this subject been given, the special charge, perhaps, would not have been called for.

Upon all questions presented by the brief and not discussed we rule against the appellant.

For the reasons indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*