W. W. CARPENTER v. TRINITY & BRAZOS VALLEY RAILWAY
COMPANY.

No. 2445.   Decided March 29, 1916.

**1.—Statutory Crime—Letter and Spirit.**

Penal statutes can not be extended by implication to persons or things not
expressly brought within their terms (Penal Code, art. 9).   (P. 54.)

**2.—Same—Statute Construed.**

The Act of March 26, 1907, Laws, 30th Leg., ch. 42, p. 93, prescribing pen-
alties for issuance or use of a free pass for transportation on a railway, does
not make criminal the act of merely seeking to ride on a railway train without
payment of fare, but only the attempt to use the pass or evidence of right to
transportation prohibited by the statute.   (Pp. 53, 54.)

**3.—Same—Carriers of Passengers.**

The act of a parent in taking on board a train a five-year child without pur-
chasing a ticket for it and in the hope that by reason of its youth no charge
would be made, was not a penal offense under the Act of March 26, 1907, Laws,
30th Leg., ch. 42, p. 93, and that statute afforded no justification for the con-
duct of the conductor, endeavoring to collect fare for the child, in telling the
parent that she was guilty of a penitentiary offense in trying to get the child
through free.   (Pp. 52-54.)

Error to the Court of Civil Appeals for the Fifth District, in an
appeal from Hill County.

Carpenter sued the railway company and appealed from a judgment
for defendant, on affirmance of which he obtained writ of error.

*Collins & Cummings,* for plaintiff in error, cited:   Act of 30th Leg.,
ch. 42, p. 93; Carpenter v. Trinity & B. V. Ry. Co., 119 S. W., 335.

*Morrow & Morrow,* for defendant in error, cited:   Trinity & B. V.
Ry. Co. v. Carpenter, 132 S. W., 837; Acts 30th Leg., ch. 42, p. 93.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

This was an action for damages on account of certain treatment to
which it was alleged that plaintiff's wife was subjected while a pas-
senger upon a train of the defendant railway company.   According to
her testimony upon the trial, she boarded the train at Hillsboro, ac-
companied by her little daughter, who was five years and ten months
old, for the purpose of going to Mexia.   She had a ticket for herself
but none for the child because she did not think fare would be charged
for the latter on account of her age.   This explanation was made to
the defendant's conductor when he demanded a ticket for the child.
In the course of the conversation which ensued, the conductor, accord-
ing to her statement, spoke to her harshly, saying that he would put
the child off the train unless her fare was paid, and that she, the
mother, was guilty of a penitentiary offense in getting on the train
without a ticket for the child.   She paid for the child's passage, and
with the child proceeded on her journey.

The trial court advised the jury in the charge that at the time of the occurrence "the law declared it to be an offense, punishable by fine, for a person subject to the payment of a fare to avoid the payment of such fare on a railway passenger train." In this connection the charge further instructed the jury that the conductor "had the right, in a reasonable, courteous and respectful manner, to explain to Mrs. Carpenter that such was the law, and if he did so in a reasonably courteous and respectful manner, the defendant would not be liable, even though she may have become excited and nervous therefrom as alleged in the petition." The correctness of this charge is the only question we shall consider.

On the first appeal of the case it was held by the honorable Court of Civil Appeals for the Fifth District that the Act of the Thirtieth Legislature, chapter XLII, Acts of 1907, did not make it an offense for one to merely attempt to ride upon a railway passenger train without the payment of fare. 119 S. W., 335. On the second appeal a different view was expressed, 132 S. W., 837; and this latter ruling was adhered to on the present appeal. An examination of the Act convinces us that the first view of the court on the question was correct, and, accordingly, that the charge was erroneous. The first section of the Act makes it an offense for a railway company, or any officer, agent or employee thereof, to knowingly carry any person "free of charge," or to give to any person, etc., "a free pass, frank, a privilege or substitute for pay or a subterfuge which is used or which is given to be used instead of the regular fare or rate for transportation." By section 3 it is likewise made an offense for any person "to present, or offer to use in his own behalf, any permit or frank, whatsoever, to travel, pass or to convey any person . . . which has been issued to any other person," or, knowing that he is not entitled thereto under the provisions of the Act, to apply to any railway company, officer, agent, lessee or receiver thereof for any free pass, frank, privilege or a substitute for pay given or to be used instead of the regular fare or rate for transportation. By section 6, any person, other than those excepted by the provisions of the Act, is made punishable "who uses any *such* free ticket, free pass or free transportation, frank or privilege over any railway or other transportation line." This latter section is the only provision in the Act which, by any construction, can be said to have the effect of making it an offense for one to merely seek to ride on a railway train without the payment of fare, but it is manifest that it does not do so in terms. The specific act which it denounces as a crime is the use of a free ticket, a free pass or free transportation for the purpose of carriage on a railway train by one in possession of such evidence of the right to such carriage. It does not, in terms, purport to deal with an attempt to ride without paying fare by one who makes no effort to use some token or evidence of the right to be transported. If such an act is within its intendment, it

is only by inference. It is not made penal by the plain import of the words of the law. Article 9 of the Penal Code provides:

"No person shall be punished for an offense which is not made penal by the plain import of the words of a law."

The rule governing the scope to be given a penal act is thus stated by Mr. Sutherland in his work on Statutory Construction, section 521:

"To constitute the offense the act must be both within the letter and spirit of the statute defining it. Penal statutes can never be extended by mere implication to either persons or things not expressly brought within their terms. 'Constructive crimes—crimes built up by courts with the aid of inference, implication, and strained interpretation— are repugnant to the spirit and letter of English and American criminal law.'"

Further, in section 520, the same author says:

"Nothing is to be regarded as included within them (penal statutes) that is not within their letter as well as their spirit; nothing that is not clearly and intelligently described in the very words of the statute, as well as manifestly intended by the Legislature."

If it was the purpose of the Legislature to make it a crime for a person to merely seek to ride upon a railroad train within this State without the payment of fare, no difficulty would have been experienced in so writing the law in plain terms. It is at least doubtful that this was the intention of the Legislature in the enactment of this statute, since in this section it is only persons who attempt to use free passes or free tickets, or other evidence of right to transportation that are dealt with. Whatever may have been the legislative purpose in this particular, it is manifest that the terms of the law do not make it an offense to merely board a train, without attempting to use some character of free transportation, and seek to ride without paying fare. We can not do otherwise than take the statute as we find it and be governed by its terms as written. We are not at liberty to extend its scope by implication.

The charge of the court was in our opinion clearly prejudicial to the plaintiff. Its plain effect was to justify the conduct of the conductor if it was found by the jury as a fact that he told the plaintiff's wife she was guilty of a penitentiary offense in boarding the train without a ticket for the child, as she testified he did at the time he demanded a ticket for her. She had committed no crime in so doing, under the written law of the State; and, if he made the statement, she was subject to no such accusation.

The judgments of the Court of Civil Appeals and the District Court are reversed and the cause is remanded to the District Court.