SOUTHERN SURETY COMPANY ET AL. v. THOMAS P. NELSON ET AL.

No. 3523.  Decided April 13, 1921.

(229 S. W., 1113.)

1.—Employer's Liability Act—Penalty for Nonpayment of Claim.

Article 4746, Revised Statutes, prescribing a penalty of 12 per cent damages in case of refusal by certain insurance companies to pay losses within thirty days after demand, does not apply to claims against the Texas Employers Insurance Association arising under the Act of April 16, 1913 (Laws, 33d Leg., pp. 429-438). Such Act carefully specifies the compensation to be awarded an injured employee or his beneficiaries thereunder, and, until amended (1917) makes no provision for penalties. Besides, being a penal statute, it cannot be applied to liabilities not existing at the time of its enactment, but created by a subsequent statute and not falling within its terms. (Pp. 143, 144).

**2.—Same—Right to Require Suit.**

Section 5, of part, 2 of the Act of April 16, 1913, gives the interested party the right to require suit in the courts upon any claim against him under the Act. and this unconditionally and without subjection to a penalty such as is imposed by Article 4746, Revised Statutes.　(P. 144).

**3.—Industrial Accident Board—Jurisdiction—Notice of Refusal to Abide Decision.**

The statute requires no notice by one who has filed his claim before the Industrial Accident Board of his refusal to abide by its decision, as a condition precedent to his bringing suit thereon in the court.　Where he brought such suit before the Board had taken action on his claim, its pendency before the Board did not deprive the court of jurisdiction.　(P. 144).

**4.—Practice on Appeal—Plea to Jurisdiction.**

A plea first filed in the Supreme Court, and attacking the jurisdiction of the trial and appellate courts on the ground that the cause of action was one of exclusively admiralty jurisdiction in the United States court, the injury accruing on navigable tide waters. is denied for want of adequate support in facts pleaded, proven or verified.　(P. 144).

Error to the Court of Civil Appeals for the First District, in an appeal from Galveston County.

Nelson and others sued the Southern Surety Company and others and recovered judgment from which defendants appealed.　Appellees filed a cross assignment under which the recovery, which was affirmed, was increased by the imposition of a penalty of 12 per cent. Appellants thereupon obtained writ of error.

*T. H. McGregor, D. T. Mason, J. A. Germany,* and *Frank S. Anderson,* for plaintiffs in error.

Plaintiffs having filed claim for compensation with industrial accident board. the jurisdiction of the board attached, and until one of the parties manifested to the board refusal to abide by its final ruling and decision, such jurisdiction would adhere, and the board retain exclusive jurisdiction to determine the disputed questions. Section 5, Part 2, of Chapter 79, Acts of 33rd Legislature, Article 5246q Vernon's Sayles' Texas Civil Statutes; Fidelity & Casualty Company of New York v. House. 191 S. W., 155, and 157; Roach v. Texas Employers Ins. Assn., 195 S. W., 328; Southwestern Surety Ins. Co. v. Curtiss, 200 S. W., 1162.

The indutsrial accident board having acquired jurisdiction of appellee's alleged claim, it still retains sole and exclusive jurisdiction to determine all disputed questions arising under the employers' liability act. until deprived of such jurisdiction, either (a) by objection of one of the parties to the board proceeding further, (b) if its decision is not accepted, by suit being brought in a court of competent jurisdiction.　Same authorities.

The court of Civil Appeals erred in sustaining appellees' cross assignment of error wherein they complained of the judgment in that it did not award them twelve per cent damages as a penalty for the failure to pay the sum due under the policy after demand, and in awarding appellees the amount of twelve per cent damages on the amount of the compensation alleged to be due and payable. Article 4746, Vernon's Sayles' Texas Civil Statutes, 1914.

The accident to the deceased employee having occurred upon the dredge boat "Houston," while lying upon the navigable tide waters of the United States, was within the exclusive maritime jurisdiction of the United States district court for the southern district of Texas, and the employer's liability act of the state of Texas has no application to such injuries, and neither the trial court, the court of civil appeals or the supreme court have any jurisdiction in the premises. Southern Pacific Co. v. Jenson, U. S., 61 L. Ed. 1086. Knickerbocker Ice Co. v. Stewart, U. S., 64 L. Ed. 834.

*Maco & Minor Stewart, A. J. DeLange, Julius Damiani,* and *W. N. Zinn,* for defendant in error.

Under the Workmen's Compensation Act of 1913, notice to the Industrial Accident Board of the non-consent or unwillingness of the parties to be bound by the decision of the Industrial Accident Board was not a necessary condition precedent to suit in a court of competent jurisdiction. Sayles' Statutes (1914) Articles 5246q, 5246pp and 5246ppp; being Acts of 1913, regular session, Sections 4, 4a and 5, p. 432; Sayles' Statutes (1918 Supplement) Articles 5246pp, 5246ppp, 5246q, being Acts 1917, regular session, Sections 4, 5 and 5a pp. 282, 285; Middleton v. Texas Power & Light Co., 108 Texas 96; 185 S. W. 557; Opinion of Court of Civil Appeals, 188 S. W., 275; Opinion of U. S. Supreme Court, 63 Law Edition 259; American Indemnity Co. v. Zyloni, 212 S. W., 183; Southern Surety Company v. Stubbs, 199 S. W., 343; Jenkins v. Texas Employers' Association, 211 S. W., 349; Southwestern Surety Co. v. Vickstrom, 203 S. W., 389; Fidelity Co. v. House, 191 S. W., 155; Roach v. Texas Employers' Association, 195 S. W., 328; General Accident F. & L. A. Corp. v. Evans, 201 S. W., 705; Rice v. Garrett, 194 S. W., 667; Halverhout v. Southwestern Milling Co., 155 Pac., 916.

Appellants, the insurers, having actual knowledge of the unwillingness of appellees to abide the decision of the Industrial Accident Board and suit having been brought by appellees before any action is taken by the Industrial Accident Board sufficiently shows the unwillingness of appellees to abide such decision. Same authorities; also Phillips v. Western Union Tel. Co., 95 Texas 638. Under the Act of 1913, the remedy before the Industrial Accident Board is not exclusive, but is in addition to the right of suit in a court of competent jurisdiction. Same authorities. Appellees are entitled to

recover an additional twelve per cent as statutory penalty on account of refusal of appellants to pay the compensation due within thirty days after demand. Rev. Stats., Art. 4746.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendants in error, as the legal beneficiaries of Adolph Nelson, a deceased employee of the Standard American Dredging Company, recovered a judgment in the District Court of Galveston County, for $1981.70, against plaintiffs in error as insurers against the lia- bility of said Company to its employees under the Texas Employers' Liability Act. The judgment represented compensation for the employee's death, without penalty or attorney's fee. On appeal to the Galveston Court of Civil Appeals the judgment of the District Court was reformed so as to award defendants in error, in addition to their recovery of $1981.70, twelve per cent damages because of the failure of plaintiffs in error to pay the claim of defendants in error for more than thirty days after demand, and before the in- stitution of suit. 223 S. W., 298.

The writ of error was granted because we believed the Court of Civil Appeals had erred in increasing the amount of defendants in error's recovery by the twelve per cent damages.

Defendants in error offered in this court to remit the twelve per cent damages. Plaintiffs in error contested the right of defendants in error to have the judgment of the Court of Civil Appeals re- versed, on the offer to remit, and to have the judgment of the trial court affirmed, and thereupon this court ordered the cause advanced.

Adolph Nelson was accidentally drowned in the course of his employment by the Dredging Company in 1915, and liability for his death accrued under the Employers' Liability Act of 1913, before the adoption of the amendment of March 28, 1917.

The Act of 1913 contained no provision for the payment of pen- alties or attorney's fee, as does the amendment of 1917. The Court of Civil Appeals was of the opinion that Article 4746 of Vernon's Sayles' Texas Civil Statutes authorized the imposition of the twelve per cent penalty.

Article 4746 was enacted in its present form in 1909, before the Legislature imposed liability to employees for certain industrial ac- cidents on the agency termed the Texas Employers' Insurance As- sociation or on the companies specified in Article 5246.

The careful specification by the Legislature in the Act of 1913 of the compensation to be awarded the injured employee or his ben- eficiaries, in the event of death, would seem to exclude the intent to allow additional recoveries by the employee or his beneficiaries.

However, the fact that it cannot be held that the Legislature clear- ly and plainly intended the terms of Article 4746 to apply to liabili- ties of a kind having no existence under the law of the State

when the article was adopted precludes our extending the article so as to apply to such novel liabilities. Otherwise, we would be enforcing a penal statute, when it did not clearly apply, or enforcing it against one not manifestly within its terms, in violation of the established rules of construction of penal statutes. Carpenter v. Trinity and B. V. Ry. Co., 108 Texas, 53, 54, 1 L. R. A., 1449, 184 S. W., 186; Aetna Life Insurance Co. v. Parker & Co., 96 Texas, 291, 294, 72 S. W., 168, 580, 621; Houston E. & W. T. Ry. Co. v. Campbell, 91 Texas, 557, 43 L. R. A., 225, 45 S. W., 2.

The purpose of penalties like those here involved is punishment for a civil wrong. It cannot be a wrong to exercise an unconditional and express statutory right. Section 5, of the Act of 1913, conferred the right on any interested party to require suit to be brought for the determination of any question arising under the Act which was not settled by agreement. Article 5246q Vernon's Sayles' Texas Civil Statutes of 1914. The right was not qualified by imposing a penalty upon a party in the event of a determination adversely to him. In refusing to pay the claim of defendants in error until it was established in a court of competent jurisdiction, plaintiffs in error exercised a right plainly and unqualifiedly conferred upon them by the statute; and their act cannot be made the basis for the imposition of a penalty.

Plaintiffs in error insist that defendants in error were not entitled to maintain their suit in the absence of notice to the Industrial Accident Board of refusal to abide by the Board's final decision. We thought, when we granted the writ, as we conclude now, that the statute requires no such notice as a condition precedent to suit.

The direction that the board should "proceed no further toward the adjustment of such claim," when any interested party did not consent to abide by the board's final decision, makes obvious that it was not necessary to await such final decision before suing or requiring the filing of suit. Art. 5246q Vernon's Sayles' Texas Civil Statutes.

The assignment questioning the jurisdiction of the trial and appellate courts in this case is overruled, for the want of requisite support in facts plead, proven or verified.

The judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*