**FRANKLIN v. OILMEN'S RECIPROCAL ASS'N. (No. 3159.)**

(Court of Civil Appeals of Texas. Texarkana. Dec. 1, 1926. ·Rehearing Denied Dec. 23, 1926.)

**Master and servant ⬅416½, New, vol. 11A Key-No. Series—Where'insurer failed to sue to set aside award of compensation, employee was entitled to judgment enforcing award (Vernon's Ann. Civ. St. 1925, art. 8307, § 5a).**

Under Vernon's Ann. Civ. St. 1925, art. 8307, § 5a, employee was entitled as a matter of law to enforce award of compensation and to recover reasonable attorney's fees and 12 per cent. damages, in suit upon the award, where insured did not sue to set aside the award.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Consolidated suits by J. C. Franklin, employee, against the Oilmen's Reciprocal Association, insurer, to enforce an award of the Industrial Accident Board, and by the Oilmen's Reciprocal Association against J. C. Franklin to set aside the award. From the judgment, both parties appeal. Last-named cause dismissed, and in the first-named cause judgment set aside and judgment rendered.

S. P. Jones, of Marshall, and Barret Gibson, of Fort Worth, for appellant.

Bibb & Caven, of Marshall, for appellee.

LEVY, J. The controversy is respecting an award by the Industrial Accident Board in accordance with the terms of the Workmen's Compensation Law of Texas (Vernon's Ann. Civ. St. 1925, arts. 8306–8309). The Oilmen's Reciprocal Association, the insurer, sought to set aside the final ruling and decision of the said board by a proceeding instituted for that purpose; and J. C. Franklin, the injured employee, sought, by an action for that purpose, to enforce and collect the full amount of the award of the said board, together with attorney's fees and the penalty authorized by the statutes. The two suits were, by order of the court, consolidated, and the proceedings to vacate the award went on concurrently with the action to enforce it. The case was submitted to the jury on special issues, and upon their answers judgment was entered reducing the compensation payable below the sum awarded by the board, but otherwise enforcing the award .and allowing attorney's fees and the penalty. Both parties have appealed from the judgment of the court, to have the rulings of the court revised.

The appeal of the Oilmen's Reciprocal Association is finally determined by the answers to the certified questions. Oilmen's Reciprocal Association v. Franklin (Tex. Com. App.) 286 S. W. 195. , Therefore the said cause is ordered dismissed, with all costs incurred in the trial court and on appeal taxed against the said Oilmen's Reciprocal Association.

The appellant, J. C. Franklin, was entitled to prosecute a suit in Marion county, where the injury happened, upon the award made by the Industrial Accident Board, to enforce such award. Rev. Civil Stat. art. 8307, § 5a. Reasonable attorney's fees and 12 per cent. damages were also recoverable by the terms of the statute. The final ruling and decision of the board as to the amount of compensation allowable being binding, by the terms of the statute, upon all the parties, in view of the failure of the insurer to prosecute a suit to set the award aside, the district court, as a matter of law should have allowed such compensation awarded by the board. The jury made findings of reasonable attorney's fees. The judgment of the court should ac-

cordingly be set aside and judgment here entered allowing a recovery to appellant J. C. Franklin for the total amount of compensation allowed by the Industrial Accident Board, less payments made, and for 12 per cent. damages, and for the amount of attorney's fees allowed by the jury (Minor v. London Guarantee & Accident Co. [Tex. Com. App.] 280 S. W. 163); the appellant, J. C. Franklin, to recover all costs of the trial court and of appeal. The question here is unlike unsuccessful appeals in a trial on the merits and is not ruled by case of Surety Co. v. Nelson, 111 Tex..140, 229 S. W. 1113.

We have considered all assignments of error, made by all the parties, having any bearing on this branch of the appeal, and have overruled them, except the one above relating to amount of the judgment with damages and attorney's fees.