**INDEMNITY INS. CO. OF NORTH AMER-
ICA v. JAGO et al.   (No. 1709.)*** ·

Court of Civil Appeals of Texas.   Beaumont.
Dec. 13, 1928.

Rehearing Denied Jan. 9, 1929.

Barnes & Barnes, of Beaumont, for appellant.

Rose & Johnson, of Port Arthur, for appellees.

*Writ of error granted.

O'QUINN, J. Appellant brought this suit to set aside an award of the Industrial Accident Board. Alonzo B. Walls, a single man and who had neither father nor mother, on February 14, 1927, was killed in the course of his employment as an employé of the Gulf Refining Company. The Gulf Refining Company carried insurance under the provisions of the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.) with appellant. Appellee Mrs. Minnie L. Jago, a sister of Alonzo B. Walls, claimed compensation as a dependent sister of deceased. On this claim the Industrial Accident Board made the following award:

"Alonzo B. Walls (dec'd), Employé, vs. Gulf Refining Company, Employer, Indemnity Insurance Company of North America, Insurer. M 11904.

"On this the 18th day of August, A. D. 1927, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board claim for compensation made and asserted herein by Mrs. Minnie L. Jago, surviving dependent adult sister of Alonzo B. Walls, deceased, against the Indemnity Insurance Company of North America, which has not been settled by agreement between the parties, and the Board now finds and orders as follows:

"That said Gulf Refining Company was a subscriber to the Employers Liability Law, through and by virtue of a policy of compensation insurance carried with the Indemnity Insurance Company of North America, and had in its employ one Alonzo B. Walls, who sustained injuries while engaged in the course of his employment on February 14, 1927, in Jefferson County, Texas, resulting in his death, and whose average weekly wage made the predicate of compensation herein is the sum of $41.45, and the consequent rate of compensation the maximum sum of $20 per week, and it is so ordered, decreed and adjudged by the Board.

"That said Alonzo B. Walls, deceased, left surviving as his sole heir and exclusive legal beneficiary who is entitled to recover from and to have paid to her by the Indemnity Insurance Company of North America, Mrs. Minnie L. Jago, surviving dependent sister, and she is entitled to recover and have paid to her compensation at the fixed rate of $20 per week for the definite and fixed period of 360 weeks, same beginning to accrue on February 14th, 1927, and being payable weekly thereafter as each of said installments, payments, accrued and mature until the full period of 360 weeks having expired, less credit of sum total of all previous payments of compensation, if any, and less attorney's fees hereinafter ordered paid, and it is so ordered, adjudged and decreed by the Board."

The award then proceeded to award to Rose & Johnson, attorneys representing claimant, Minnie L. Jago, before the board, the statutory allowance out of the compensation awarded to claimant as attorney's fees and to refuse payment of the claimed compensation in a lump sum. The insurance company, within 20 days after the making of the award by the board, gave notice to the board and to Mrs. Jago and to her attorneys of its refusal to abide by the award, and within 20 days thereafter; on, to wit, September 1, 1927, filed this suit in the district court of Jefferson county to set aside said award, naming the claimant Minnie L. Jago, her attorneys, J. E. Rose and B. C. Johnson, as defendants. As a reason for the incorrectness of the award, its petition alleged: "That said award is wholly contrary to the terms of the law applicable to this case, and is wholly unsupported by any facts in that the defendant, Minnie L. Jago, is a married woman, having never been divorced from her husband, and is at this time living with her husband, and at all times since her marriage has been supported by her husband, and in no legal sense has she ever been dependent upon her brother, A. B. Walls, and at the time of his alleged injury and death she was not dependent upon him for any support whatsoever. That the said defendant, Minnie L. Jago, was not a dependent sister of deceased, or a beneficiary under any provision of the law."

On September 20, 1927, the defendants answered by general demurrer and general denial. December 12, 1927, defendant, Mrs. Minnie L. Jago, joined pro forma by her husband, Harry Jago, filed what they termed a plea in intervention, raising the issues: (a) That due notice of refusal to abide by the award had not been given; (b) that suit as contemplated by law to set aside the award had not been filed; and (c) that the award as originally made had become final, alleging that the insurance company had failed and refused without justifiable cause to pay her the weekly amounts awarded to her by the board, and that she had exercised the right given her by the Workmen's Compensation Act to declare each and all of said payments that had been matured due, and that she brings this action against said insurance company for recovery of same, together with interest thereon, and the 12 per cent. penalty allowed by law.

December 19, 1927, the court entered an order granting Mrs. Jago and her husband permission to file their plea in intervention. January 18, 1928, the insurance company filed its answer to the plea in intervention, consisting of a prayer to make Harry Jago a party defendant, general and special demurrers, and general denial.

By this plea the insurance company contended that its making Rose & Johnson, attorneys for Mrs. Jago and to whom a portion of the award was ordered paid by the board, defendants, gave the trial court jurisdiction

to try the case, and that the duty rested upon Mrs. Jago to make her husband a party to the original award. The trial court sustained a general demurrer to this answer of the insurance company. The case was then tried to the court without a jury upon the petition in intervention, and judgment entered maturing the award, with 12 per cent. penalty and $2,000 attorney's fee.

It is seen that the trial court, by its ruling, held: (a) That appellant had not invoked the jurisdiction of the court to hear and determine its suit to set aside the award of the board, because, by reason of its failing to make the husband of Mrs. Jago a party defendant when it instituted the proceedings to set aside the award, it had failed within the meaning of the law to bring suit to set aside said award within 20 days after giving notice that they would not abide same; and (b) that Mrs. Jago had the right to intervene in her own suit to enforce the award that appellant had attempted to appeal from.

■ Article 8307, § 5, Revised Statutes 1925, provides that any interested party, who is not willing and does not consent to abide by the final ruling and decision of the board, shall within 20 days after the rendition of such final ruling and decision give notice, etc., and shall within 20 days after giving such notice "bring suit" to set aside said final ruling and decision. It is contended by appellees that this act contains no provision, either expressly or by necessary implication, covering or defining the term "bring suit," and hence resort should be had to the general principles of the law in this state governing same, and that article 1985, Revised Statutes, 1925, has effect and controls. Article 1985 provides: "The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband." It is the opinion of the writer that article 1985 has no application to the facts of this case. Appellant's suit against appellee Mrs. Jago is not a suit for "debt," nor is it a suit seeking to establish any "demand," within the meaning of article 1985. The sense in which the words "debt" and "demand" are used in the statute must control its application. Manifestly, they are used in the sense of "claim" or "legal obligation." For this article to apply, the suit against the wife must be the assertion of some right to recover against her on a contract or claim of some nature amounting to liability due by her to the party suing, or the assertion of some right to request the discharge of some duty or obligation owing by the wife to the person asserting the demand. Appellant's suit against Mrs. Jago is not for any demand sounding either in contract or tort, but is simply a suit in the nature of an appeal from an action initiated by Mrs. Jago, seeking to avoid a "demand" made by Mrs. Jago against appellant, not to establish any "demand" or "liability" against Mrs. Jago in favor of appellant.

■■ All rights and remedies given by the Workmen's Compensation Act are purely and entirely statutory, and it is believed that the procedure prescribed by the act is sufficient to carry out the complete intent and provisions of the act. Article 8307, § 5, provides the procedure by which an appeal from an order of the board may be had, and that is that the party appealing shall give notice and then bring suit within a certain time. The writer believes that the intention of the act was that the appealing party should bring suit against the adverse party or parties to the award; that is, those to whom compensation was awarded—those named by the award. It would be unreasonable to say that the Legislature intended that the dissatisfied party should be required to bring in other and different defendants to those named in the award, and it can be readily seen that instances could and might occur where, if article 1985 had application, the existence of the husband would not be known to the insurance company and not disclosed by the wife claiming compensation, and then the insurance company would, under appellee's contention here, be not only deprived of its legal right of appeal, but penalized for not doing an impossible thing; that is, making a person party defendant of whom it had no knowledge.

■ Furthermore, if the law requires in such cases as the instant case that the husband should be made a party defendant to the suit to set aside an award made in favor of the wife alone, it would seem that it ought to be necessary for the husband to have been a pro forma party to her claim before the board, and she should not be permitted here to take advantage of her own wrongful omission in not making her husband such pro forma claimant, and to thus take from appellant its legal right of review, and also to mulct it in penalties and attorney's fees. The validity of suits under the Workmen's Compensation Act will be measured and determined by the provisions of that act, and as appellant here complied with the requirements actually prescribed by said act to review the award, and to set same aside, it ought to be held sufficient. Texas Employers' Insurance Association v. Evans (Tex. Com. App.) 298 S. W. 516.

■ Moreover, it was said by our Supreme Court in Texas Employers' Insurance Association v. Boudreaux (Tex. Com. App.) 231 S. W. 756, that compensation, when awarded for the death of an employé, is in substitution for damages ordinarily recovered by statute because of the death of the employé, due to the negligence of the employer; that the compensation being measured by the current wages of the deceased is to all practical purposes to supply his beneficiaries the means of support which were afforded by his wages

prior to his death. In that case the deceased employé was the husband of the wife and the father of the children who were claimants of compensation. It was held that as the earnings of the husband were community property, the compensation, which took the place of his earnings, should be held to partake more nearly of the nature of community than separate property, and should be distributed one half to the wife and the other half to the children. By the same reasoning it is believed that the compensation to which appellant Mrs. Jago is entitled, if at all, would be her separate property, for in that it stands in lieu of the support given her—gifts—by her deceased brother, and, if so, then same would be her separate property. The law permits a wife to alone bring suit for her separate property when the husband fails or refuses to join her in the suit. In the instant case the husband of Mrs. Jago failed to join her in the presentation of her claim for compensation before the board. She acted in the matter without his joining her—employed attorneys, filed her claim, and had a hearing in the forum provided by law—and the compensation was allowed to her. Her husband failing to join her in the claim for compensation before the board, she stood as a feme sole. From the order (quasi judgment) granting her compensation, appellant takes its appeal in the manner prescribed by the statute, making her as a feme sole the adverse party defendant, and this is believed to have fully met the requirements under the statute.

■ It is not believed that appellant's contention, that the making of Mrs. Jago's attorneys parties defendant to the suit gave the trial court jurisdiction of the cause of action and made its petition good as against a general demurrer, should have been sustained. The attorneys were not necessary parties, and their being made parties defendant did not aid the petition. Texas Employers' Insurance Association v. Fitzgerald (Tex. Civ. App.) 292 S. W. 925.

■ It is believed that appellant's suit to set aside the award was properly brought, and that thereby the award in appellee's favor was suspended. But if the failure to make Mrs. Jago's husband a party defendant to the suit rendered the suit ineffective to try the cause de novo as to the correctness of the award, then to what relief was she entitled under her so-called plea in intervention? Article 8307, § 5a, provides:

"Section 5a. In all cases where the Board shall make a final order, ruling or decision as provided in the preceding section and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section is provided, then in that event, the claimant in addition to the rights and remedies given him and the Board in said section may bring suit where the injury occurred, upon said order, ruling or decision. If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent. as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution * * * of such claim.

"Where the Board has made an award against an association requiring the payment to an injured employé, * * * under the terms of this law, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employé or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve per cent. penalties and attorney's fees, as herein provided for. Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit."

In Southern Surety Co. v. Nelson, 111 Tex. 140, 229 S. W. 1113, discussing the penalty provision of this section of article 8307, Judge Greenwood, speaking for the Supreme Court, said: "The purpose of penalties like those here involved is punishment for a civil wrong." Appellant had the right to appeal from the award of the Industrial Accident Board. It gave the notice required and filed suit, it is believed, in compliance with the statute; but, if not so, it at least through its able and diligent counsel prosecuted its rights as they were understood with due diligence. If it should be that the omission to make Mrs. Jago's husband a party to the suit when first brought was error, that omission did not amount to a "civil wrong" against Mrs. Jago within the meaning of the law. From this it follows that the court erred in rendering judgment maturing the award and awarding the 12 per cent. penalty and attorney's fees.

From what has been said it follows that that portion of the judgment sustaining the general demurrer to appellant's petition and refusing appellant a hearing on its suit to set aside the award should be reversed and remanded for a new trial, and that that portion of the judgment maturing the award and granting 12 per cent. penalty and allowing attorney's fees should be reversed and here rendered for appellant; and it is so ordered.

WALKER, J. I concur with my Brethren in all their conclusions reversing and remanding this case, except in their construction of article 8307, R. S. 1925, to the effect that appellee's husband was not a necessary party

to appellant's action to set aside the award made by the Industrial Accident Board. This article, a part of our Workmen's Compensation Act, among other provisions regulates the giving of notice and the filing of suit to set aside an award of the Industrial Accident Board. It provides that the complaining party "shall within twenty days after giving such notice bring suit * * * to set aside said final ruling and" decree. The Workmen's Compensation Act does not define the term "suit," nor what must be done to "bring suit" within the meaning of this act. Where this act contains no provision expressly or by necessary implication covering a question or defining a term, we must look to the general principles of the law in this state governing such principles. Maryland Casualty Co. v. Baker (Tex. Civ. App.) 277 S. W. 204. So the terms "suit" and to "bring suit," I think, should be given the construction recognized in our civil procedure. Article 1985, R. S., provides: "The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband."

Appellant asserts that this article cannot apply, since its right to have the award set aside was not a "demand" within the provisions of this article. Defining the word "demand," 18 C. J. 479, says: "The word is a term of art of an extent greater in its significance than any other word except 'claim,' including everything which may be demanded by suit." Since it is expressly provided by article 8307 that the right to set aside an award can be enforced only by suit, I think appellant's right against Mrs. Jago to set aside the award was a "demand" within the meaning of article 1985. Under this article, where the plaintiff's petition discloses on its face the coverture of the wife, it states no cause of action against her, unless the husband is made a party. There are certain exceptions to this proposition, but the exceptions are not in point. Where the coverture is disclosed, it is not necessary for the wife to raise the issue by a special plea, and a judgment against her on such a petition is a nullity. Taylor v. Hustead (Tex. Com. App.) 257 S. W. 232; Borchers v. Fly, 114 Tex. 79, 262 S. W. 735; Gamel v. Bank (Tex. Com. App.) 258 S. W. 1043; Strickland v. Pilgrim (Tex. Civ. App.) 300 S. W. 215. As we construe the article under discussion, appellant's petition against Mrs. Jago, disclosing on its face that she was a married woman living with her husband, who was supporting her, was not in compliance with the provisions of article 8307, requiring the institution of a "suit" to set aside the award that had been made in her favor, and had no effect upon that award. It was as if no suit had been filed.

In any event, I agree with my Brethren in the disposition they have made of the issue of attorney's fees and damages and maturing the award, but not in the disposition they have made of the case. Believing that the award of the Industrial Accident Board was not suspended by the suit, it is my conclusion that it is still in full force and effect and that appellant is liable thereon to Mrs. Jago for all the relief granted her by its terms. She specially pleaded the award and asked for judgment and execution thereon. Her plea setting up the award and its terms was sufficient for the relief prayed for. Where an award has been made and for any reason it has become final, suit may be brought upon the award itself without inquiry by the claimant into the facts upon which the award was based, and that was the case made by appellee in the lower court. Vestal v. Texas Employers' Insurance Association (Tex. Com. App.) 285 S. W. 104k; Minor v. Lumbermen's Guaranty & Accident Co. (Tex. Com. App.) 280 S. W. 163. Under the rulings of the court sustaining the demurrers against appellant's petition, appellee's demand was simply a suit upon the award of the Industrial Accident Board. It is my conclusion that the judgment of the trial court maturing the award and assessing damages and attorney's fees should be reversed, and that judgment on these issues should be here rendered in favor of appellant, but that judgment should be rendered here in favor of appellee Mrs. Jago that she have the relief granted to her by the original award of the Industrial Accident Board and her execution for the compensation as it matures.