## DILL et al. v. TEXAS INDEMNITY INS. CO.
### No. 1455—6135.

Commission of Appeals of Texas, Section B.

Nov. 1, 1933.

Grisham, Patterson & Grisham, of Eastland, for plaintiffs in error.

Conner & McRae and Hamilton E. McRae, all of Eastland, for defendant in error.

SHORT, Presiding Judge.

The application for the writ of error in this case was granted because the opinion of the Court of Civil Appeals is in direct conflict with the opinions of Hartford Accident & Indemnity Company v. Durham (Tex. Civ. App.) 222 S. W. 275, and the opinion in Employers' Casualty Company v. Watson (Tex. Civ. App.) 32 S.W.(2d) 927. The nature and result of the judgment in this case is stated as follows in the application for writ of error:

"The Court of Civil Appeals for the Eleventh Supreme Judicial District of Texas, upon a final hearing of this cause, reversed the judgment of the District Court of the 88th District of Eastland, Texas, and rendered the cause upon certain of appellants' assignments of error and passed on none other and in so doing held:

"(a) That article 8309, section 1 of the Revised Civil Statutes of 1925, subdivision (3) should be construed literally.

"(b) That the case under said law is determined solely by the answer of the jury to Special Issue No. 8 as follows:

"'Did Homer I. Dill sustain his injuries while in a state of intoxication?'

"To which the jury answered 'yes.'

"(c) That the trial court erred in considering Special Issue No. 9 for any purpose and that same was irrelevant and immaterial. Special Issue No. 9 being as follows:

"'Did the intoxication of Homer I. Dill contribute to the injuries resulting in the death of Homer I. Dill?'

"To which the jury answered 'no.'

"(d) On said point the court employed the following language: 'The court should not have submitted Special Issue No. 9. Proximate cause as applied to negligence cases under the common law has no place in the Workmen's Compensation Law. Since that issue was immaterial, the jury's answer thereto was likewise immaterial, and should have been disregarded.'

"Statement showing above questions were involved in the decision in the Court of Civil Appeals:

"Johnnie G. Dill instituted this suit in her own behalf and in behalf of her two minor children to recover compensation for the death of the husband and father, Homer Ike Dill, who, while in the course of his employment with the Magnolia Petroleum Company, and while driving a truck on the Bankhead Highway, loaded with Magnolia products,

sustained an injury which resulted in his death. It was specifically shown that while he was driving on the right hand side of the road and operating said truck at a usual rate of speed that one of the truck's tires blew out and that the rim slipped over the wheel and locked the steering gear and about this time another tire blew out on the same side, causing the truck to steer quickly to the left and because of the locking of the steering gear the driver had no control and the truck overturned and portions of the heavy load, consisting of gasoline and gasoline tanks fell upon and against Homer Ike Dill and from which injuries he died, a few hours later.

"Testimony was introduced by the defendant to the effect that Homer I. Dill, at his lunch or noon meal, had drunk some beer, either at said time or in the morning preceding and that he took a dram of whiskey about the noon meal. In deference to this testimony, which was disputed sharply, but which is admitted was sufficient to take the issue to the jury, the issue was submitted in two questions, numbers 8 and 9, fully set forth in the preliminary statement as made above and to which issues the jury made answers as indicated, that is to say, they answered 'yes' to the first question and thus found that Homer Ike Dill sustained his injuries while in a state of intoxication; and to the second question they answered 'no,' that is, that the intoxication of Homer Ike Dill did not contribute to the injuries resulting in his death.

"There were other issues submitted, which are not regarded by the appellees as important and which have been fully briefed and if considered by this Honorable Court appellees pray that the respective printed briefs as submitted upon the appeal of this case be considered in disposing of the same.

"Judgment was entered for Johnnie G. Dill et al., upon the findings of the jury, against the defendant, who is defendant in error here, for 'the sum of $13.33 per week for a period of 360 weeks, beginning with September 7th, 1929, together with 6% interest upon all unmatured installments of compensation until payment thereof. The Court finds that the compensation which has accrued from and inclusive of September 7th, 1929, to December 27th, 1930, over a period of 67 weeks, aggregates the sum of $893.11, and together with interest in the sum of $18.14, aggregates the amount due in compensation as of this date the sum of $911.25, and that the plaintiffs have their compensation in said sum of $13.33 for the remaining 293 weeks, and together with 6% interest annually upon any of such payments not paid when due, said interest to run until payments are made. It is therefore ordered that the plaintiffs have their execution for said sum of $911.25,

accrued compensation to date of this judgment, together with their execution for the amount of said compensation installments with interest thereon if and when same are not paid at maturity, by the week, during the remaining 293 weeks of said compensation period, and that plaintiffs do have and recover of and from the defendant all costs in this behalf expended, and for all of which let execution issue.'

"The verdict is in all things sufficient to sustain the judgment and the controlling issue and the only issue considered by the Court of Civil Appeals is the effect of the findings of the jury on Special Issues 8 and 9 as above set forth."

The leading case in this state construing the Workmen's Compensation Law is that of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1087, and while it was held in that case that the Workmen's Compensation Law must be liberally construed so as to give effect to the evident purposes of the Legislature in enacting it, to give relief to injured employees where, under the common law, they might not be entitled to any relief, still the opinion in the case held, in effect, that a suit on an award of the Industrial Accident Board arises out of the workmen's compensation proceedings, and is in derogation of the common law, and the rights to be enforced, and the remedies provided therefor, are purely statutory, and further, generally speaking, where the cause of action and remedy for its enforcement are derived from the statutory provisions they are mandatory and exclusive.

After defining the terms "injury" or "personal injuries" to mean damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom, the Workmen's Compensation Law, article 8309, § 1, has this language: "The term 'injury sustained in the course of employment,' as used in this law, shall not include: 1. An injury caused by the act of God, unless the employee is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public. 2. An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment. 3. An injury received while in a state of intoxication. 4. An injury caused by the employee's willful intention and attempt to injure himself, or to unlawfully injure some other person, but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the

affairs or business of his employer whether upon the employer's premises or elsewhere."

██ ██ Moreover, it is expressly declared by the Workmen's Compensation Law that the rights of the parties are to be determined "by the provisions of this law." Mingus v. Wadley, supra. The sufficiency of the evidence to support the findings of the jury in answer to special issue No. 8, wherein the jury answered·in the affirmative, is not assumed as being insufficient, in consequence of which the Court of Civil Appeals very correctly assumed that the deceased, Dill, was in a state of intoxication at the time he sustained the injuries, which resulted in his death. The statute expressly provides that the term "injury sustained in the course of employment," as used in the law, shall not include "an injury received while in a state of intoxication." Numbers 1, 2, and 4 of second subsections of section 1 of article 8309 have been upheld by the courts as being enforceable provisions of the Workmen's Compensation Law, and No. 3 of said second subsection, that is to say, "an injury received while in a state of intoxication" must be similarly upheld as a valid provision, together with the other provisions of similar import, so long as the Legislature permits this provision of the law to remain as part of it. Whether a person is in the state of intoxication is a question of fact for the jury to determine upon sufficient testimony, and where that fact has been ascertained in that way courts will not permit the answer of the jury to be set aside, but must render a judgment in accordance therewith, and the law. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556; City of Austin v. Johnson (Tex. Com. App.) 240 S. W. 523; Southern Surety Co. v. Nelson, 111 Tex. 140, 229 S. W. 1113; Vivier v. Lumbermen's Indemnity Exchange (Tex. Com. App.) 250 S. W. 417; Cherry v. Magnolia Petroleum Co. (Tex. Com. App.) 45 S.W.(2d) 555; Barron v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464.

We think the opinion of the Court of Civil Appeals in this case has correctly decided this' question, and that the opinions in the cases of Hartford Accident & Indemnity Company v. Durham, supra, and Employers' Casualty Company v. Watson, supra, on this question are in conflict with the opinion of the Court of Civil Appeals in this case, and to the extent that they are, they should be overruled.

We recommend that the judgment of the Court of Civil Appeals in this case, reversing that of the trial court, and rendering judgment for the defendant in error, be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.